Russell D. CARLSON, Appellant,

v.

Gregg D. RENKES, Alaska Attorney General; Nancy R. Gordon, Chief Assistant Attorney General; Marc Antrim, Commissioner, Alaska Department of Corrections; and Frank Luna, Warden, Correctional Corporation of America, Florence Correctional Center, Appellees.

No. S–11492.

Supreme Court of Alaska.

June 3, 2005.

Russell D. Carlson, pro se, Florence, Arizona.

John K. Bodick, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellees.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Russell D. Carlson filed a pro se complaint in the superior court alleging that his admin-istrative classification hearing, which resulted in his transfer to a correctional facility in Arizona, violated his right to due process. The superior court ruled that his complaint should have been filed as an administrative appeal and dismissed it as untimely. Because the administrative agency did not adequately inform Carlson of his right to appeal his transfer, we vacate the order dismissing the appeal and remand to the superior court for reinstatement of his appeal and for further proceedings.

## II. FACTS AND PROCEEDINGS

### A. Background

In July 2001 Russell Carlson pleaded no contest to second degree murder after a drunk driving accident resulted in the death of another person. He was sentenced to prison in November 2001. He is scheduled for release in 2010. In November 2001 the Alaska Department of Corrections (DOC) conducted a classification hearing for Carlson at the Palmer Correctional Center. Ruben A. Foster, a parole officer, conducted the hearing and recommended that Carlson's custody be changed from "maximum" to "medium"; he also found that Carlson "meets AZ [Arizona] criteria for transfer and it would not impede his rehab[ilitation] efforts." The institutional superintendent approved the recommendation and the finding.

Carlson objected to being transferred to Arizona, citing separation from family, medical concerns, and a desire to participate in the Wildwood Correctional Center alcohol treatment program.[1] Bill Parker, Deputy Commissioner of Corrections, rejected Carlson's appeal on December 3, 2001. The deputy commissioner's letter stated that "[t]he Department of Corrections remains overcrowded and we continue to send prisoners outside the state to reduce our prison population" and informed Carlson that he met the transfer criteria. It also stated that the deputy commissioner had found "no procedural error regarding the classification pro-

---

1. While he was housed at the Palmer Correctional Center, a patient care monitoring assessment was completed for Carlson. It found that Carlson met the DSM–IV criteria for alcohol dependence and recommended that he "complete a long-term level–3.5 residential treatment program, such as the RSAT [residential substance abuse treatment] program at Wildwood Corrections or at the Akeela Residential Treatment Program in Anchorage."

cess" and that he did not believe that "transfer to [the Central Arizona Detention Center] would negatively impact [Carlson's] rehabilitation."

Carlson was then transferred to and now resides in the Central Arizona Detention Center.

### B. Prior Proceedings

Carlson filed a pro se complaint in the superior court on October 10, 2003, alleging that his right to due process was violated in the classification hearing. In a pro se memorandum filed with his complaint, Carlson alleged that he was filing the complaint as a civil action under AS 09.19.100(1) because his "Individual Fundamental Right of rehabilitation and Due Process" had been violated, and under AS 09.19.100(1)(B) because the "violation relates to the plaintiff's status and treatment as a prisoner, as well as to his constitutional rights." Carlson's memorandum also stated that "[t]he [i]ssues plaintiff raises are (a) plaintiff was denied Due Process in the adjudicative phase of the classification hearing, [and] (b) plaintiff and plaintiff's family were denied rehabilitative visitation privileges protected by Alaska's Constitutional Article 1 § 12." He requested a jury trial. Carlson also asked the superior court to issue a "Reparative Injunction" instructing DOC to return him to the Palmer Correctional Center.[2]

Carlson also sent a letter to DOC asking for a copy of the tape recording of his classification hearing. He was informed by a prison staff member that the state no longer had a tape of his hearing. Carlson filed a motion to compel production of the tape; the superior court granted his motion on February 20, 2004. On March 4 the state sent Carlson a letter informing him that a tape of his classification hearing was no longer available.

The state moved for dismissal of Carlson's complaint for failure to state a claim upon which relief could be granted. The state argued that Carlson was "required to bring his claim as an administrative appeal" and that "he failed to file such an appeal within thirty days of the final agency decision." Carlson argued in opposition that he had filed a civil action, not an administrative appeal. The superior court denied the motion to dismiss. The state moved for reconsideration.

Over Carlson's opposition, the superior court granted the state's reconsideration motion. The order on reconsideration held that "this case is an administrative appeal" and that "plaintiff Carlson's failure to bring this appeal within the thirty days of the final agency decision under Appellate Rule 602(a)(2) requires this case to be DISMISSED."

Carlson then sought reconsideration, alleging that the superior court did not consider "(a) the due process issue, (b) the deprivation of a liberty [interest], and (c) AS 09.19.100(1), and AS 09.19.100(1)(B)." Carlson also alleged that the court did not consider whether the state had violated his right to due process by destroying the tape of his classification hearing, thereby denying him access to the evidence he sought to present to prove his case.

The superior court denied Carlson's motion for reconsideration. Carlson appeals.

## III. DISCUSSION

### A. Standard of Review

 We review de novo a superior court's dismissal of a complaint for failure to state a claim upon which relief could be

---

**2.** Carlson's complaint sought relief in the following form:

> Reparative Injunction, An injunction requiring [defendants] to restore plaintiff to the position he occupied before the [defendants] committed the wrong against plaintiff. Plaintiff was incarcerated at the Palmer Correctional Center prior to this wrong, plaintiff [requests] this type of injunction with his family in mind as it was relatively easy for plaintiff's family to

[travel] to Palmer from Anchorage where plaintiff's family lives.

A reparative injunction is an equitable remedy that "order[s] defendants not only to refrain from engaging in wrongful conduct in the future, but also to take actions that alleviate some of the harm caused by their past conduct." Rhonda Wasserman, *Equity Transformed: Preliminary Injunctions to Require the Payment of Money*, 70 B.U.L. Rev. 623, 630 n. 23 (1990).

granted.[3] To survive an Alaska Civil Rule 12(b)(6) motion, "it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action."[4] We review for abuse of discretion a superior court's decision to strictly enforce the thirty-day deadline for filing an administrative appeal under Alaska Appellate Rule 602(a)(2).[5]

### B. The Superior Court Did Not Err by Treating Carlson's Complaint as an Administrative Appeal.

■ Carlson argues that the superior court erred in characterizing his complaint as an administrative appeal rather than a civil action under AS 09.19.100(1) and AS 09.19.100(1)(B).

Alaska Statute 09.19.100 is part of Chapter 19, entitled "Prisoner and Correctional Facility Litigation Against the State," and provides in part:

In this chapter,

(1) "litigation against the state" means a civil action or an appeal from a civil action or from the final decision of an administrative agency, a petition for review, a petition for hearing, an original application for relief, or another action filed under the Alaska Rules of Appellate Procedure that

(A) involves the state, an officer or agent of the state, or a state employee, or a former officer or agent of the state or state employee, regarding conduct that occurred during that former officer's, agent's, or employee's state employment or agency, whether the officer, agent, or employee is sued in an official or a personal capacity; and

(B) is related to a person's status or treatment as a prisoner, to a criminal charge against or involving the person, or to an alleged violation of the person's constitutional rights....

This statute does not create a cause of action; it merely defines words and phrases used in the remainder of the chapter. The superior court did not err in rejecting Carlson's contention that his complaint asserted an independent action under this statute.

■ The superior court treated Carlson's complaint as an administrative appeal. A number of Alaska decisions have discussed when the superior court should convert an independently filed lawsuit into an administrative appeal.[6] "A claim is functionally an administrative appeal if it requires the court to consider the propriety of an agency determination."[7] A "review on the record, as distinct from the de novo reception of evidence," is a characteristic of appeals.[8]

Most of Carlson's complaint asked the superior court to review the procedure at his classification hearing to determine whether it violated his right to due process.[9] His com-

---

**3.** *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 664 (Alaska 2002).

**4.** *Caudle v. Mendel*, 994 P.2d 372, 374 (Alaska 1999) (quoting *Kollodge v. State*, 757 P.2d 1024, 1025–26 (Alaska 1988)).

**5.** *Manning v. Alaska R.R. Corp.*, 853 P.2d 1120, 1124 (Alaska 1993).

**6.** *Kleven v. Yukon–Koyukuk Sch. Dist.*, 853 P.2d 518, 523–24 (Alaska 1993) (affirming superior court's conversion of request to review school board decision to administrative appeal); *Diedrich v. City of Ketchikan*, 805 P.2d 362, 365–66 (Alaska 1991) (holding superior court did not err in treating lawsuit challenging utility board's decision not to fund plaintiff's position as administrative appeal); *Dep't of Corr. v. Kraus*, 759 P.2d 539, 540 (Alaska 1988) (holding review of prisoner disciplinary proceedings should be brought as administrative appeal); *Ballard v. Stich*, 628 P.2d 918, 920 (Alaska 1981) (affirming dismissal of lawsuit stemming from school board decision

as untimely administrative appeal); *Owsichek v. State, Guide License & Control Bd.*, 627 P.2d 616, 620 (Alaska 1981) ("[W]hen an action for injunctive relief seeks exactly the same review by the superior court as could be had in an appeal from the administrative order, the action should be treated as an appeal."); *Higgins v. Briggs*, 876 P.2d 539, 542 (Alaska App.1994) (holding that request for review of lost good time credit should have been filed as administrative appeal).

**7.** *Haynes v. State, Commercial Fisheries Entry Comm'n*, 746 P.2d 892, 893 (Alaska 1987).

**8.** *Kraus*, 759 P.2d at 540.

**9.** Carlson also argues that his constitutional right to rehabilitation was violated because he was unable to visit with his family after his transfer to Arizona. Because he alleges that this violation resulted from a violation of his due process rights during his classification hearing, the superior court did not err in classifying this argument as an administrative appeal.

plaint alleged that: (1) he did not receive adequate notice of the classification hearing; (2) he was not informed of the agenda for the classification hearing; (3) the state did not inform him of the opportunity to stay the transfer decision; (4) he was not informed of his right to legal assistance during his classification hearing; (5) he was not informed that he could request a twenty-day continuance to prepare for the hearing; and (6) his hearing was improperly conducted because he was judged by only one person instead of a committee.

■ DOC classification hearings are adjudicative proceedings and a classification order can consequently be appealed to the superior court.[10] Each of Carlson's allegations of a due process violation required the superior court to review DOC's classification hearing. The superior court did not err by treating Carlson's complaint as an administrative appeal.

### C. It Was an Abuse of Discretion To Dismiss Carlson's Complaint as Untimely.

■ The superior court dismissed Carlson's complaint because it was filed more than thirty days after the agency distributed its final decision.

■ "[I]f an action in superior court seeks to review a prior administrative decision, it must be treated as an appeal fully subject to the appellate rules."[11] Alaska Appellate Rule 602(a)(2) states that "[a]n ap-

peal may be taken to the superior court from an administrative agency within 30 days from the date that the decision appealed from is mailed or otherwise distributed to the appellant." Per that rule, the thirty-day period "does not begin to run until the agency has issued a decision that clearly states that it is a final decision and that the claimant has thirty days to appeal." "[W]here an administrative agency's decision is communicated in a letter that fails to do either of these things, it is an abuse of discretion not to relax Rule 602(a)(2)'s thirty-day appeal deadline."[12]

Following his classification hearing, Carlson appealed his transfer to DOC's deputy commissioner. The deputy commissioner's December 3, 2001 letter rejected Carlson's appeal. The letter did not state that it was a final decision or advise Carlson of his right to appeal within thirty days.

Carlson's thirty-day period for filing an administrative appeal has therefore not begun to run. It was consequently an abuse of discretion to dismiss his appeal as untimely.

### D. The Superior Court Should Try To Recreate Carlson's Administrative Record on Remand.

■ After the superior court compelled the state to release Carlson's classification hearing tape, the state notified Carlson that the tape was "no longer available." Carlson asserts that the state's inability to produce the tape violated Alaska Civil Rule 26(a)(5),[13] Civil Rule 26(b)(1),[14] and 22 Alaska Administrative Code (AAC) 05.216(b)(4).[15] Carlson

10. *Brandon v. State, Dep't of Corr.*, 938 P.2d 1029, 1033 (Alaska 1997) (holding that prisoner has right to appeal classification hearing decision because it affects constitutional right to rehabilitation).

11. *FEDPAC Int'l, Inc. v. State, Dep't of Revenue*, 646 P.2d 240, 241 (Alaska 1982).

12. *Skudrzyk v. Reynolds*, 856 P.2d 462, 463 (Alaska 1993).

13. Alaska Civil Rule 26(a)(5) outlines the methods of discovery, including "production of documents."

14. Alaska Civil Rule 26(b)(1) governs the scope and limits of discovery and states:

Parties may obtain discovery regarding any matter, not privileged which is relevant to the

subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

15. 22 AAC 05.216(b)(4) provides in part:

(b) The prisoner is entitled to at least 48 hours' advance written notice of a classification hearing. The notice must inform the prisoner
 ....
 (4) that, if the purpose of the hearing is consideration of continued assignment to administrative segregation, termination of a furlough, placement in a psychiatric facility, or transfer to a facility outside of Alaska, the

claims that the state's violation of these provisions interfered with his right to due process.

█ The loss of an administrative record is in itself not a violation of due process.[16] On remand, the superior court should attempt to recreate the administrative record of Carlson's classification hearing. Alaska Appellate Rule 210(b)(8) states that when no electronic recording of the proceeding is available, "the appellant may prepare a statement of the evidence of proceedings from the best available means, including the appellant's recollection." Appellant's statement should be served on the appellees, who can then object or submit proposed amendments.[17] Alaska Appellate Rule 210(i) grants the superior court the discretion to settle any disagreement concerning the content and form of the record. Per that rule, if the superior court cannot faithfully recreate the administrative record, it should remand to DOC for recreation of the record.[18]

## IV. CONCLUSION

We VACATE the order dismissing Carlson's appeal and REMAND for the reasons discussed above.[19]

hearing will be tape recorded and kept in transcribable form for

(A) 12 months if the classification action is appealed within the department;

(B) three years if the classification action is appealed to the Superior Court or the classification action resulted in a transfer to a facility outside of Alaska; or

(C) 30 days if the classification action is not appealed. . . .

16. *John v. Baker*, 30 P.3d 68, 74 (Alaska 2001) (rejecting petitioner's claim that tribal court's loss of case record violated due process).

17. Alaska R.App. P. 210(b)(8).

18. *John*, 30 P.3d at 78 n. 40 ("[T]he general rule for records which are so incomplete as to pre-

clude meaningful review calls for remand to the factfinder."). *See also State, Dep't of Revenue v. Merriouns*, 894 P.2d 623, 627 n. 4 (Alaska 1995) ("[W]hen the factual record is incomplete or improperly developed, the proper course is a remand to the factfinder, in this case the agency.").

19. On remand, the superior court should advise Carlson on the appropriate procedure for filing an administrative appeal. *See Sopko v. Dowell Schlumberger, Inc.*, 21 P.3d 1265, 1273 (Alaska 2001) (noting that courts have limited duty to advise pro se litigants of procedural defects in pleadings); *Collins v. Arctic Builders*, 957 P.2d 980, 982 (Alaska 1998) (holding that superior court had duty to inform pro se litigant of defect in notice of appeal and to provide opportunity to remedy).