Ralph Kermit WINTERROWD,
II, Appellant,

v.

STATE Of Alaska, DEPARTMENT OF
ADMINISTRATION, DIVISION OF
MOTOR VEHICLES, and John Does 1–
10, Appellees.

No. S–14043.

Supreme Court of Alaska.

Nov. 2, 2012.

Rehearing Denied Nov. 30, 2012.

Ralph Kermit Winterrowd II, pro se, Wasilla, Appellant.

Erling T. Johansen, Assistant Attorney General, Anchorage, and John J. Burns, Attorney General, Juneau, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices, and EASTAUGH, Senior Justice.*

*OPINION*

EASTAUGH, Senior Justice.

## I. INTRODUCTION

After a van driven by Ralph Kermit Winterrowd II was damaged in a collision with a moose, the Alaska Division of Motor Vehicles (DMV) proposed suspending Winterrowd's driver's license because he did not provide proof of liability insurance. Winterrowd opposed suspension and then filed suit to enjoin DMV's suspension action. Treating Winterrowd's opposition as a request for hearing, DMV scheduled an administrative licensing hearing for September 1, 2010. On motion by DMV, the superior court dismissed Winterrowd's complaint on August 31. DMV suspended Winterrowd's license on September 1 after he failed to attend the September 1 licensing hearing. Winterrowd appeals the dismissal of his superior court complaint. We affirm, because Winterrowd had not exhausted his administrative remedies as of

---

\* Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska

Administrative Rule 23(a).

August 31, when the court dismissed his complaint.

## II. FACTS AND PROCEEDINGS

Ralph Kermit Winterrowd II was driving a 1994 Dodge van on March 1, 2010, when it collided with a moose and was damaged. On May 7 DMV sent Winterrowd a notice stating that he was a driver in a crash resulting in property damage exceeding $501, and that DMV had not received proof the van had been covered by the motor vehicle liability insurance required by statute. The notice also stated that DMV would suspend Winterrowd's driver's license unless he provided, within 30 days, verification that he had the required insurance.[1] The notice informed Winterrowd of the right to dispute the proposed suspension. It also informed him of a statute that provides for an exception to suspension if the accident results in property damage of less than $2,000 and only the property of the person who is required to register is damaged.[2]

Winterrowd responded with two letters disputing the amount of damage and asserting that he was therefore exempt. In reply, DMV told him he needed to supply specified information to prove his eligibility for an exemption from the insurance requirement. On June 9, 2010, DMV issued a Notice and Order of Suspension, informing Winterrowd of the factual basis for its decision. It also informed him of the process needed to request an administrative hearing.

Winterrowd sent DMV a letter and two affidavits on June 28. A mechanic executed one of the affidavits. His affidavit stated that the van was worth less than $350 and was not worth repairing, and that the damage to the van was less than $500 because of the van's low value.

Treating the submission of these documents as an opposition to suspension and as a request for hearing, DMV scheduled an administrative hearing on the licensing action for September 1, 2010. DMV sent the hearing notice to Winterrowd on July 6; the notice informed him that if he failed to appear or contact DMV, he would waive his right to contest DMV's action.

On July 2, four days before DMV sent the hearing notice, Winterrowd filed a complaint in the superior court to enjoin DMV from suspending his license. In response, DMV moved under Alaska Civil Rules 4(d)(8) and 12(b)(6) to dismiss Winterrowd's superior court complaint. DMV's motion argued that Winterrowd had not stated a claim on which relief could be granted, had not provided sufficient service, and had not exhausted his administrative remedies. It informed the superior court that an administrative hearing on the pending suspension was scheduled for September 1. It also informed the court that suspension of Winterrowd's license had been stayed pending the September 1 administrative hearing.

On August 31 the superior court granted DMV's motion to dismiss. The dismissal order did not state the basis for dismissal. Winterrowd did not appear at or participate in the DMV hearing scheduled for September 1. Noting that Winterrowd failed to participate in the September 1 hearing, the DMV hearing officer issued a decision affirming the suspension of his license.

---

1. The notice referred to AS 28.22.031 as the statute requiring proof of insurance in this instance. AS 28.22.031(a) provides in relevant part:
   > A person involved in an accident who is required under AS 28.22.021 to prove that a motor vehicle liability policy or a certificate of self-insurance was in effect shall, within 15 days after the accident, (1) present a copy of the insurance policy ... that was in effect at the time of the accident. ...

2. AS 28.22.041(h) provides in relevant part:
   > Subsection (a) does not apply to a person who is required to provide proof under AS 28.22.021 if the person

   > (1) is involved in an accident that results in property damage of less than $2,000 and the damage occurs only to the property of the person required to show proof of insurance;
   > (2) not later than 15 days after the accident, provides proof of motor vehicle liability insurance that complies with this chapter or a certificate of self-insurance that complies with AS 28.20.400 to the department; and
   > (3) establishes by a preponderance of the evidence that the failure to have in effect motor vehicle liability insurance or to self-insure as required by this chapter at the time of the accident was due to circumstances beyond the control of the person.

The superior court denied reconsideration of its dismissal order.

Winterrowd appeals the dismissal of his superior court complaint.[3]

## III. STANDARD OF REVIEW

Several different standards of review could potentially apply here, because DMV moved for dismissal of Winterrowd's complaint on alternative grounds, including failure to exhaust administrative remedies and failure to state a claim, and because the superior court's dismissal order did not state the ground for dismissal.

For reasons we discuss in Part IV.A, the exhaustion issue resolves this appeal. We consequently only need to identify the standards of review applicable in deciding whether it was error to hold that a plaintiff's failure to exhaust administrative remedies required dismissal of plaintiff's complaint.

■ Two different standards apply when reviewing a dismissal for a failure to exhaust administrative remedies:

> Whether a type of claim generally requires exhaustion of administrative remedies is a legal question that we review *de novo*. We review for abuse of discretion a superior court's determination of whether a plaintiff exhausted those remedies or whether the failure to exhaust should be excused.[4]

In accordance with the first sentence of this quotation, we review de novo the legal question whether Winterrowd's defense to DMV's licensing action was the type of claim that required Winterrowd to exhaust his administrative remedies.

■ But we conclude that the abuse-of-discretion standard of review described in the second sentence of the quotation does not apply in this appeal. The superior court dismissal order does not expressly determine whether Winterrowd had exhausted his administrative remedies or whether a failure to exhaust should be excused, and therefore does not reflect any exercise of judicial discretion as to those issues. Nonetheless, we conclude that there is no possible legal or factual dispute about whether Winterrowd failed to exhaust his administrative remedies and about whether his failure is inexcusable. As a result, the only standard of review applicable here is the de novo standard for reviewing legal determinations.

## IV. DISCUSSION

### A. Winterrowd Failed To Exhaust His Administrative Remedies.

We read Winterrowd's appeal to argue that the superior court improperly dismissed his lawsuit against DMV. DMV argues that dismissal was proper because Winterrowd failed to exhaust his administrative remedies.

■ We cannot tell from the dismissal order which of the three grounds advanced below by DMV was the reason for dismissal. But DMV squarely argued the exhaustion ground in the superior court, and Winterrowd had full opportunity to oppose dismissal on that ground. "We may affirm a judgment on any grounds that the record supports, even grounds not relied on by the superior court."[5] Therefore, even though we cannot

---

**3.** The caption of Winterrowd's complaint also lists "The Department" and "John Does 1–10." The superior court's caption lists the State of Alaska, the Department of Administration, and the Division of Motor Vehicles as the "Appellees." Our caption includes the Doe parties, although the Department of Law's brief does not undertake to represent them, and there is no indication any Doe party was served with Winterrowd's complaint.

**4.** *Smart v. State, Dep't of Health & Soc. Servs.,* 237 P.3d 1010, 1014 (Alaska 2010) (internal citations omitted).

**5.** *Van Sickle v. McGraw,* 134 P.3d 338, 341 n. 10 (Alaska 2006). This rule "applies only to issues

of law that find support in settled facts. It does not extend to new theories that would normally be resolved by discretionary powers traditionally reserved for trial courts—powers relying on case-specific consideration of disputed or disputable issues of fact." *Vaska v. State,* 135 P.3d 1011, 1019 (Alaska 2006). The rule has primarily been used in cases involving summary judgment. *See, e.g., Young v. Embley,* 143 P.3d 936, 940 (Alaska 2006). But we have also employed it in cases not involving summary judgment. *See, e.g., State v. Jacob,* 214 P.3d 353, 362 (Alaska 2009) (observing, in an appeal of an attorney's fees award, that "[t]he superior court did not articulate this rationale for relying on factor (F), but we believe it is clear that the record supports reliance on this factor"); *Maness v. Daily,* 184 P.3d 1, 7

tell which ground the court relied on, we choose to determine whether the dismissal was required on the failure-to-exhaust ground. As we noted above in Part III, normally a ruling that a complainant has not exhausted available administrative remedies in part turns on rulings involving exercise of judicial discretion. But here, for reasons discussed in Parts IV.A.2 and .3, the motion and opposition raised no exhaustion issue that required the superior court to exercise its discretion.

■ In general, a party may not seek relief in a judicial forum until that party has exhausted his or her available administrative remedies: "The exhaustion of remedies doctrine is well established in the field of administrative law. A central principle of this doctrine is that a party is not entitled to seek judicial relief for a supposed or threatened injury until the available administrative remedies have been exhausted."[6]

Exhaustion is required if a statute or regulation provides for administrative review. "[If] ... a regulation provides for administrative review of an agency decision, a person ordinarily must exhaust such administrative remedies before bringing an action in superior court challenging the decision."[7] Exhaustion is similarly required if a statute provides for administrative remedies.[8]

■ In deciding whether a complaint was correctly dismissed for failure to exhaust administrative remedies, we must decide whether (a) exhaustion of remedies was required; (b) the complainant exhausted those remedies; and (c) the failure to exhaust remedies was excused.[9]

### 1. Exhaustion of administrative remedies was required.

■ The statutes pertinent to the proposed administrative suspension of Winterrowd's license provided for administrative hearings. The statute authorizing suspension of drivers' licenses for failing to provide proof of insurance, AS 28.22.041, requires the "opportunity for a hearing under AS 28.05.121–28.05.141."[10] Alaska Statute 28.05.141(a) provides that "all hearings required under this title ... shall be conducted by the Department of Public Safety."[11] And if DMV suspends a license, the driver may file an administrative appeal.[12]

Because a driver who is the subject of a proposed administrative suspension for failure to provide proof of insurance has a right to oppose the suspension of his license and a right to an administrative hearing, he has administrative remedies that, if exercised, might permit him to retain his license. Winterrowd could administratively oppose DMV's proposed suspension of his license and could appeal a suspension. He would therefore ordinarily be required to exhaust his administrative remedies before suing DMV to prevent it from suspending his license.

### 2. Winterrowd did not exhaust his administrative remedies.

■ As of July 2, 2010, when he sued DMV, Winterrowd had not yet exhausted his administrative remedies. He was entitled by statute and regulation to a hearing on DMV's

(Alaska 2008) (holding that the dismissal of an excessive-force claim could be affirmed on grounds not relied on by the superior court).

6. *Eidelson v. Archer,* 645 P.2d 171, 176 (Alaska 1982) (internal citations omitted).

7. *Smart,* 237 P.3d at 1015 (citing *Matanuska Elec. Ass'n, Inc. v. Chugach Elec. Ass'n, Inc.,* 99 P.3d 553, 560 (Alaska 2004)).

8. *See Mount Juneau Enters., Inc. v. City & Borough of Juneau,* 923 P.2d 768, 777 (Alaska 1996) ("The City has an ordinance specifically providing for an independent Board of Appeals to review disputed decisions or orders of the City

building official. *See* CBJ Ordinance 19.02.010.... Since an administrative appeal is clearly provided for, exhaustion of remedies is required in this case.").

9. *Bruns v. Municipality of Anchorage, Anchorage Water & Wastewater Util.,* 32 P.3d 362, 367 (Alaska 2001).

10. AS 28.22.041(g).

11. *See also* 2 Alaska Administrative Code (AAC) 93.010 (2006).

12. *Id.*

proposed suspension.[13] It is irrelevant that as of July 2, when he filed his complaint, DMV had not yet scheduled his hearing. DMV's July 6 hearing notice confirmed Winterrowd's right to oppose suspension and also informed him that his failure to appear at the scheduled hearing would waive his right to contest DMV's proposed action. In effect, the notice informed him that a failure to appear and contest the proposed suspension would result in a suspension without consideration of his written opposition to suspension. This made Winterrowd aware that he could lose his opportunity for administratively challenging the agency's proposed action if he did not appear or call DMV on September 1.

Therefore, so long as the hearing and administrative appeal opportunities remained available to him, Winterrowd had not yet exhausted his administrative remedies.

As of August 31, 2010, when the superior court dismissed his complaint, Winterrowd had not yet attended the hearing scheduled for September 1, and DMV had not yet ruled on the proposed suspension. And as of August 31, he had not yet exhausted his right to administratively challenge any suspension order that DMV might enter. Therefore, as of August 31, when the court entered the dismissal order, Winterrowd had not exhausted his administrative remedies and had not raised any contention that exhaustion was not required.

We recognize that the superior court might have chosen to hold the dismissal motion in abeyance pending the outcome of the September 1 hearing and perhaps also pending the outcome of any administrative appeal.[14] Had Winterrowd prevailed at the licensing hearing, it would likely have mooted his lawsuit. And had he appeared at the hearing and lost, the basis for the loss and the availability of an administrative appeal might have been relevant to the exhaustion issue. The dismissal motion then easily

could have been resurrected in the superior court, or the lawsuit could have been converted to an administrative appeal.

But the superior court was not obliged to hold Winterrowd's pro se dismissal motion in abeyance. And, as it soon turned out, the events of September 1 confirmed the justification for dismissing the lawsuit for failure to exhaust administrative remedies. Winterrowd did not appear at the September 1 hearing, and DMV's hearing officer ordered Winterrowd's license suspended. The suspension was consistent with DMV's authority under AS 28.05.141(b), which states: "If a person fails to attend or appear for the hearing ... the person's failure to attend or appear is considered a waiver of the hearing and the appropriate department may take appropriate action with respect to the person."

Winterrowd does not argue that the superior court's dismissal was premature. And even if the superior court had held the case in abeyance pending the September 1 hearing, Winterrowd's failure to attend was itself a failure to exhaust his administrative remedies. One purpose of the exhaustion requirement is to allow the agency to "apply[ ] its special expertise, correct[ ] its own errors, [and] develop[ ] a record...."[15] Winterrowd did not present any of his defenses at the hearing scheduled for September 1; his failure to do so prevented DMV from applying its expertise, correcting its own errors, or developing a record.

Because it was undisputed that at least one administrative step was pending when the superior court entered the dismissal on August 31, Winterrowd failed to exhaust his administrative remedies.

### 3. Winterrowd's failure to exhaust is not excused.

Courts have recognized numerous excuses for the failure to exhaust remedies.[16] But

**13.** AS 28.22.041(g); 2 AAC 93.010.

**14.** The superior court's August 31 dismissal order bore the court's handwritten note referring to Winterrowd's August 30 opposition to DMV's motion to dismiss. That opposition referred to the licensing hearing scheduled for September 1.

**15.** *Eidelson v. Archer,* 645 P.2d 171, 176 (Alaska 1982).

**16.** *See Bruns v. Municipality of Anchorage, Anchorage Water & Wastewater Util.,* 32 P.3d at 371 n. 46 (Alaska 2001) (citing *McCarthy v. Madigan,* 503 U.S. 140, 148, 112 S.Ct. 1081, 117 L.Ed.2d

none of these excuses is alleged to apply here, and Winterrowd has not argued on appeal that he was excused from exhausting his administrative remedies. And because he did not attend the administrative hearing scheduled on September 1, he lost the opportunity to oppose suspension; he consequently waived his administrative remedies.

Dismissal for failure to exhaust was therefore justified. The superior court permissibly dismissed his complaint.

### B. We Do Not Reach Winterrowd's Other Arguments.

Winterrowd's brief raises many other issues. It argues that his fundamental rights as a citizen are being denied. It argues that he has a right to a jury trial. It argues that this case implicates his right to own property and travel. It raises other contentions as well. Because Winterrowd failed to exhaust his administrative remedies, we do not need to reach any of these issues.[17]

Winterrowd argued in a letter to the agency that AS 28.22.021 was not triggered because the vehicle he was driving was not worth more than $501, and thus could not have suffered more than $501 in damage, the threshold amount for requiring proof of insurance. He later supported this contention with the affidavit of a mechanic who asserted expertise in valuing vehicles. Winterrowd argued before the agency that if he had not violated AS 28.22.021, his license could not be suspended under AS 28.22.041. DMV responded to Winterrowd's argument by stating that AS 28.22.021 refers to vehicle damage, not vehicle value. Although it is an interesting question how a vehicle allegedly worth no more than $350 could suffer more than $501 in damage, our conclusion that Winterrowd failed to exhaust his administrative remedies makes it unnecessary for us to reach that question here.[18]

## V. CONCLUSION

We AFFIRM the dismissal of Winterrowd's complaint.

---

291 (1992)) (bias in the administrative process). *See also Bowen v. City of New York*, 476 U.S. 467, 483–84, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (danger of irreparable harm from the administrative process); *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir.1997) ("lack of meaningful access to the review procedures").

17. Likewise, we do not need to reach the State's appellate contention that dismissal was proper because Winterrowd's complaint failed to state a claim upon which relief could be granted.

18. The mechanic's affidavit does not make it clear whether the vehicle was worth $350 before it hit the moose, or after. That it was worth $350 after the collision would not have established that the van could not have suffered damage exceeding $501. Winterrowd had asserted in a letter that the van had a value of $350 when it was purchased in 2009 at an auction. But his letter was unsworn and did not say whether $350 was the van's purchase price or the value placed on it at auction. Winterrowd later offered his own affidavit, but it did not attribute any particular value to the van, and it did not discuss the $350 figure or the origin of that figure. By failing to attend the hearing, Winterrowd lost the opportunity to prove that the van's pre-collision value was less than $501. He therefore lost the opportunity to prove the facts that potentially might have supported his legal argument. We do not mean to suggest that his argument would necessarily have succeeded if he had proved that the van's pre-collision value was less than $501; we decide only that, having failed to offer admissible evidence of value, he failed to exhaust his administrative remedies as to this issue, and also failed to preserve the issue for appellate review.