NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JANICE L. PARK, | ) | |
| | ) | Supreme Court No. S-15400 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-10420 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| DEPARTMENT OF | ) | |
| ADMINISTRATION, DIVISION | ) | No. 1549 – July 22, 2015 |
| OF MOTOR VEHICLES, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Janice L. Park, pro se, Anchorage, Appellant. Joanne M. Grace and Laura Fox, Assistant Attorneys General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

I.      INTRODUCTION

The Division of Motor Vehicles (the Division) suspended a woman's driver's license after determining that she was the at-fault driver in a collision and had not taken financial responsibility for the damage caused to the other driver's vehicle.

---

\*      Entered under Alaska Appellate Rule 214.

The woman waited almost 18 months after receiving the order suspending her license before she requested an administrative hearing before the Division. The request was denied as untimely, but instead of appealing the denial of her request to the superior court the woman filed a request for reconsideration by the Division, again requesting a hearing. The Division denied this request. Then, nearly eight months later, she filed a third request for an administrative hearing. The Division again denied this request as untimely, and the woman appealed to the superior court. The superior court dismissed the woman's appeal as untimely. We affirm the superior court's dismissal of the woman's appeal because the Division did not abuse its discretion by denying the woman's third untimely request for an administrative hearing.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

On November 25, 2009, Janice Park's car collided with another car at the intersection of 84th and Nadine in Anchorage. A police report indicates that Park's car struck another car in an intersection while Park attempted to make a U-turn. Police arrested Park for driving without insurance and cited her for the unsafe U-turn and driving with an expired registration card and without license plates.

On May 10, 2010, Insurex, Inc., on behalf of the insurer of the other driver's vehicle, notified the Division that Park had not reimbursed its client for $6,973 in damages from the collision. The insurer stated that Park was the at-fault driver and requested that the State "take the necessary steps to suspend [Park's] driving privileges until []she agrees to pay this claim."

On June 25, 2010, the Division sent Park a "Notice of Financial Responsibility." This notice explained that vehicles must be insured and that uninsured at-fault drivers must "pay any injured party for the damage or injury resulting from the crash." The notice stated that the Division had determined that Park was the at-fault

driver and that if the Division received a claim for damages within one year of the collision, it was obligated to "order a driver's license suspension until either the damages are satisfied or for a period of 3 years, whichever is less." The notice instructed Park to contact the other driver's insurance company to resolve the claim and noted that "a finding of not liable for the damages by a civil court" would also satisfy Park's obligation under the financial responsibility law.

## B.      Proceedings

On July 6, 2010, the Division sent Park an "Order of License Suspension." It stated that the Division had determined that Park was the at-fault driver and that it had not received proof that Park had paid for the damages. The order suspended Park's driving privileges from August 4, 2010 through August 3, 2013. The order notified Park of the steps she could take to avoid the license suspension before the order went into effect and of her right to request an administrative hearing in writing within 30 days of the notice.

On September 14, 2010, instead of requesting an administrative hearing, Park filed form SR-22 with the Division. This form certified that Park had purchased a motor vehicle liability policy on May 11, 2010. Park later stated in a sworn affidavit that she believed that filing form SR-22 satisfied the requirements necessary to reinstate her driver's license. The Division sent Park a second "Order of License Suspension" on October 11, 2010. This order was substantively identical to the previous order, except that it specified that the suspension of Park's driving privileges would run from November 11, 2010, through November 10, 2013. This second order was issued because Park received a separate, non-concurrent 90-day suspension for her failure to be covered by motor vehicle liability insurance.

### 1.    Requests for administrative hearings

Park then waited another 14 months, until December 15, 2011, to request an administrative hearing. In her request, she asserted that she was not the at-fault driver in the collision. On December 21, the Division denied Park's request for a hearing as untimely and notified her of the right to appeal its denial of an administrative hearing to the superior court within 30 days. Park did not appeal to the superior court. Instead, on January 18, 2012, she filed a second request for an administrative hearing by asking the Division to reconsider its denial of her first request for an administrative hearing. She reiterated her claim that she was not the at-fault driver in the collision. Once again the Division denied Park's request. It noted that the 30-day period for requesting an administrative hearing had ended on August 4, 2010, that its file contained evidence that Park was the at-fault driver in the collision, that Park was cited for failure to provide insurance by the officer at the scene of the collision, and that Park had conceded her lack of insurance at the time of the collision in her request for reconsideration. The Division stated that its decision was final and provided notice that Park could appeal to the superior court within 30 days. Park did not appeal.

Park filed a third request for an administrative hearing on October 2, 2012. Once again she asserted that she was not the at-fault driver in the collision, that there was no judgment assigning fault, and that there was no evidence indicating that she was at fault. She also requested a copy of any evidence in the Division's possession. The Division once again denied Park's request for an administrative hearing. In its denial, it outlined the history of Park's requests and notified Park of her right to appeal to the superior court within 30 days. It also provided instructions for obtaining access to the evidence in the Division's file.

## 2. Appeal to the superior court

Park filed an appeal in the superior court on October 15, 2012, within 30 days of the Division's third denial of her request for an administrative hearing. She alleged that the Division had acted in an arbitrary and capricious manner, that its determination of fault was unsupported by the record and was without a basis in fact, and that it had misinterpreted the law. She stated that her failure to appeal in a timely manner "was based upon inadvertence and mistake." Park attached an affidavit to her notice of appeal asserting that there was "no evidence of fault and no judgment against [her] in the matter being litigated," and that the suspension of her license was particularly burdensome in light of her disability, which prevented her from using the bus to reach job sites.

In its motion to dismiss the appeal, the Division asserted that instead of requesting an administrative hearing within 30 days, Park had waited nearly a year and a half before making her initial request and did not appeal the Division's final decision denying that request within 30 days. The Division also pointed out that eight months had passed between Park's second and third requests for an administrative hearing and that Park had not filed a timely appeal of the denial of either the first or second request. It asserted that Alaska Appellate Rule 602(a)(2) mandated dismissal of the untimely appeal to the superior court.

Park testified at an evidentiary hearing regarding the Division's motion to dismiss. As explanation for her delay in filing her appeal, she argued that she had been out of the state for a period of time, that her in-person conversations with Division employees had been misleading, and that the superior court should grant her leniency as a self-represented litigant. The superior court dismissed Park's appeal, noting in its written order that her appeal to the superior court "was filed October 15, 2012[,] many months following the 30 day bar date of March 23, 2012 [30 days after the Division's

second denial of an administrative hearing]." Park appeals the superior court's dismissal of her appeal.

## III. STANDARD OF REVIEW

"We apply our independent judgment in determining mootness because, as a matter of judicial policy, mootness is a question of law."[1] We review a superior court order dismissing an appeal for abuse of discretion,[2] and will find an abuse only if the order is "arbitrary, capricious, manifestly unreasonable, or . . . stems from an improper motive."[3] We also "review an agency's decision not to extend a filing deadline for abuse of discretion."[4]

## IV. DISCUSSION

### A. Park's Appeal Falls Within The Collateral Consequences Exception To The Mootness Doctrine.

Park's license suspension expired on November 10, 2013, and she obtained a new driver's license shortly after that date. The appeal is therefore technically moot because "it is no longer a present, live controversy," and Park would not be entitled to

---

[1] *Alaska Judicial Council v. Kruse*, 331 P.3d 375, 379 (Alaska 2014) (quoting *Akpik v. State, Office of Mgmt. & Budget*, 115 P.3d 532, 534 (Alaska 2005)) (internal quotation marks omitted).

[2] *See Carlson v. Renkes*, 113 P.3d 638, 642 (Alaska 2005); *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 128 n.1 (Alaska 2003) ("We review procedural dismissals for abuse of discretion.").

[3] *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009) (alteration in original) (quoting *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007)).

[4] *Matthews v. Univ. of Alaska*, 925 P.2d 1052, 1055 (Alaska 1996) (citing *Mortvedt v. State, Dep't of Natural Res.*, 858 P.2d 1140, 1142 n.4 (Alaska 1993)).

additional relief even if she prevailed.[5]  But we recognize a collateral consequences exception to the mootness doctrine, which "allows courts to decide otherwise-moot cases when a judgment may carry indirect consequences in addition to its direct force, either as a matter of legal rules or as a matter of practical effect."[6]

We have previously determined that "the collateral consequences of a driver's license revocation may be substantial."[7]  At oral argument Park argued that even though her license has been reinstated, she continues to suffer adverse employment consequences because employers are unwilling to hire individuals with recent at-fault accidents on their driving records for jobs that require operating a motor vehicle.  The Division conceded in its briefing that "[a]s a consequence of her license suspension, . . . Park must submit to the Division proof of financial responsibility for the future as described under AS 28.20.390 - 28.20.420 until November 11, 2016," and that this "generally requires insurance that is more expensive than would otherwise be necessary, or alternatively, a bond."  And at oral argument, the Division acknowledged that if Park were to be involved in another accident while uninsured, she would be subject to a heightened one-year license suspension instead of the 90-day suspension for a first incident.  In light of the collateral consequences alleged by Park and acknowledged by the Division, we reach the merits of Park's appeal even though it is technically moot.

---

[5]     *Wetherhorn v. Alaska Psychiatric Inst.*, 156 P.3d 371, 380 (Alaska 2007) (quoting *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002)).

[6]     *In re Joan K.*, 273 P.3d 594, 597-98 (Alaska 2012) (quoting *Peter A. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 146 P.3d 991, 994-95 (Alaska 2006)) (internal quotation marks omitted).

[7]     *Graham v. State*, 633 P.2d 211, 213 (Alaska 1981).

**B.** **The Division Did Not Abuse Its Discretion By Denying Park's Requests For Administrative Hearings.**

The superior court dismissed Park's appeal because it was not timely filed. But on October 11, 2012, the Division did inform Park in its denial of her third request for a hearing that any appeal "must be filed within 30 days" of its determination, and Park did file an appeal to the superior court within 30 days of that notice. The superior court's dismissal of the appeal was apparently based on its underlying assumption that Park's motions for reconsideration of the Division's denial of her request for a hearing did not extend the time for filing an appeal of the first denial. We affirm the superior court's dismissal on the grounds that the Division did not abuse its discretion by denying Park's request for an administrative hearing as untimely and that her motions for reconsideration did not extend the time for an appeal.[8]

Park did not file her first request for an administrative hearing until December 15, 2011, more than 16 months after the filing deadline. She argues that as a self-represented litigant, she was entitled to have the Division treat her submission of the SR-22 form on September 14, 2010 as a non-conforming pleading requesting an administrative hearing. But even assuming the duty to provide assistance to a self-represented litigant applied to the Division's consideration of Park's SR-22 filing, that duty would only have obligated it to "inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish."[9] Form SR-22 bears no resemblance to the Division's "Request for Administrative Hearing" form. And while

---

**8**      *See Powercorp Alaska, LLC v. Alaska Energy Auth.*, 290 P.3d 1173, 1181 (Alaska 2012) ("We may affirm the superior court on any basis supported by the record, even if that basis was not considered by the court below or advanced by any party." (quoting *Smith v. Stafford*, 189 P.3d 1065, 1070 (Alaska 2008))).

**9**      *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

the SR-22 filing established that Park had liability insurance at the time she submitted it, it bore no relevance to Park's request for an administrative hearing on the issue of fault regarding the November 2009 accident and would not have alerted the Division to Park's desire for a hearing.

Park cites *Winterrowd v. State, Department of Administration, Division of Motor Vehicles*, in support of her argument that the Division should treat her SR-22 form as a request for an administrative hearing.[10] In *Winterrowd* the Division treated an affidavit disputing the basis of a license suspension as a request for an administrative hearing.[11] But unlike Park's SR-22 form, Winterrowd's affidavit directly addressed the basis for the Division's suspension of his license.[12] Similarly, in *Wagner v. Wagner* we reversed the superior court's denial of a non-conforming motion for a continuance made telephonically to the court clerk by a self-represented litigant.[13] But in that case, the litigant actually requested a continuance. In contrast, Park's SR-22 form did not request a hearing — or any relief — and it is unclear how the Division could have been expected to infer that Park sought a hearing on the basis of that form.

Because Park then waited another 14 months to file her first request for an administrative hearing, the Division did not abuse its discretion by denying her request as untimely. Because Park filed her second and third requests for an administrative hearing even later, and the motions for reconsideration were themselves untimely, the

---

[10]    288 P.3d 446 (Alaska 2012).

[11]    *See id.* at 447.

[12]    *See id.* at 448.

[13]    *See* 299 P.3d 170, 173-74 (Alaska 2013).

Division did not abuse its discretion by denying them.[14]  And in any event, an untimely motion for reconsideration would not extend the time for an appeal to the superior court.

## V.    CONCLUSION

We AFFIRM the superior court's dismissal of Park's appeal because the Division did not abuse its discretion in denying Park's requests for an administrative hearing.

---

[14]     Park argues that the lack of an administrative hearing violated her due process rights. "[D]ue process requires that any action involving deprivation of life, liberty, or property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Philip J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 264 P.3d 842, 846 (Alaska 2011) (quoting *In re Estate of Fields*, 219 P.3d 995, 1009 (Alaska 2009)) (internal quotation marks omitted). But Park had both notice and opportunity for a hearing.  Her conduct in not exercising those rights in a timely fashion is the reason she did not receive a hearing.  The Division's denial cannot be characterized as a violation of her due process rights.