NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MICHAELA ROBINSON and ELIAS ROBINSON, ) | Supreme Court No. S-17140 |
| Appellants, ) | Superior Court No. 3AN-16-09559 |
| v. ) | MEMORANDUM OPINION AND JUDGMENT* |
| STATE OF ALASKA, DEPARTMENT OF HEALTH & SOCIAL SERVICES, DIVISION OF SENIOR & DISABILITIES SERVICES, ) | No. 1741 – September 18, 2019 |
| Appellee. ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Pamela Scott Washington, Judge pro tem.

Appearances: Michaela and Elias Robinson, pro se, Anchorage, Appellants. Anna Jay, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

Michaela and Elias Robinson, appearing unrepresented, appeal from the Anchorage Superior Court's dismissal of their claims against the Alaska Division of Senior and Disabilities Services in a long-running dispute over Michaela's Medicaid

---

\* Entered under Alaska Appellate Rule 214.

Personal Care Assistance (PCA) services. Michaela was the only plaintiff in the original complaint, but the superior court later granted her motion to join Elias as a co-plaintiff. The superior court only considered the claims raised in Michaela's original complaint, disregarding several claims raised in her and Elias's later filings. By doing so the court left several of the Robinsons' claims unaddressed, and we remand so that they may be resolved.

**A.    The Superior Court Did Not Consider The Robinsons' Claim About Pre-2016 Benefits.**

The Division determined Michaela's benefits in 2016, and she subsequently requested a hearing before an administrative law judge (ALJ) to dispute the Division's assessment. Her hearing request included a claim that she was owed payment for services she received in 2014, 2015, and 2016. At the fall 2016 hearing held on her request, it became clear that Michaela's PCA services had been terminated in September 2015. The ALJ noted, however, that it was "unclear whether the Division gave notice of the case closure to the Robinsons that would have provided an opportunity for appeal." In a footnote the ALJ said the Robinsons "did not present evidence that indicated the closure was an issue that could appropriately be reviewed in this case."

Shortly before the administrative hearing began, Michaela also filed a complaint with the superior court in which she appeared to request reimbursement for out-of-pocket medical expenses in 2014, 2015, and 2016. The ALJ issued its decision in 2017, and Michaela then requested a trial on "this matter of denial of PCA services as explained in the [ALJ's] decision." Yet the superior court did not address the Division's 2015 termination of Michaela's benefits when it dismissed her complaint. The Robinsons argue that this was error.[1]

---

[1]    We review the decision to grant a motion to dismiss under Alaska Civil
(continued...)

The superior court's finding that "the ALJ found in [Michaela's] favor," one of the bases for its dismissal of the case, was mistaken; the ALJ did not grant the Robinsons relief for the 2015 benefits termination because he did not consider the issue. The Robinsons raised this issue before the superior court, and it was error to dismiss it without consideration. We therefore reverse the superior court's dismissal of the Robinsons' claim regarding pre-2016 benefits.

Had the superior court considered the Robinsons' claim, it should have treated it as an administrative appeal of the ALJ's decision. "A claim is functionally an administrative appeal if it requires the court to consider the propriety of an agency determination."[2] Here the Robinsons sought reimbursement for medical expenses they incurred when Michaela's PCA services were terminated. At the administrative hearing, the ALJ refused to address the issue. Consideration of the claim would require the superior court to review that decision. Therefore, the Robinsons' claim about pre-2016 benefits constituted an administrative appeal, even though they represented otherwise to the superior court.[3]

The ALJ apparently chose not to address the 2015 termination of PCA services because he concluded that the Robinsons had failed to appeal the termination in a timely manner, meaning they had not exhausted their administrative remedies. But

---

[1] (...continued)
Rule 12(b)(6) de novo and have explained that "the claims of unrepresented litigants are 'liberally construed.' " *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018) (quoting *Barber v. Schmidt*, 354 P.3d 158, 162 (Alaska 2015)).

[2] *Levi v. State, Dep't of Labor & Workforce Dev.*, 433 P.3d 1137, 1147 (Alaska 2018) (quoting *Carlson v. Renkes*, 113 P.3d 638, 641 (Alaska 2005)).

[3] The question whether a claim is an administrative appeal is one of law, not intent, and a superior court can clearly convert a lawsuit into an administrative appeal. *See Carlson*, 113 P.3d at 641 n.6 (listing lawsuits converted into administrative appeals).

the failure to exhaust administrative remedies is an affirmative defense,[4] and "[t]he party raising the affirmative defense generally bears the burden of proof as to that issue."[5] Under this framework, the Division would first have had to establish the Robinsons' failure to timely appeal the 2015 termination. Only then would the Robinsons have had the burden of proof to show that their failure to exhaust was excused.[6] Dismissal would be appropriate if they did not meet this burden.

We therefore instruct the superior court to remand this issue to the Division to determine (1) whether the Division can establish a failure to exhaust administrative remedies and (2) if not, whether the Division erred when it terminated Michaela's benefits in 2015.

**B.      The Superior Court Did Not Consider The Challenge To The Division's Implementation Of The ALJ's 2017 Decision.**

In an April 4, 2017 letter, Michaela challenged the Division's implementation of the ALJ's 2017 decision, which required the Division to reassess her PCA benefits. The letter stated that she was "once again having to request a hearing on this matter." In an October 23, 2017 superior court filing, which the Robinsons indicated was a "[s]tatus of complaint update," they referred to this letter as a request for a second

---

[4]      *See Pederson-Szafran v. Baily*, 837 P.2d 124, 128 (Alaska 1992) ("The State asserts that its affirmative defense of failure to exhaust administrative remedies was not struck."); *Higgins v. Municipality of Anchorage*, 810 P.2d 149, 150 (Alaska 1991) ("The trial court had denied the municipality's affirmative defense that Higgins's claim was barred by his failure to exhaust administrative remedies.").

[5]      *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 294 (Alaska 1976); *see also Shaw v. State, Dep't of Admin.*, 861 P.2d 566, 572 (Alaska 1993).

[6]      *See Beard v. Baum*, 796 P.2d 1344, 1348 (Alaska 1990) ("[A]n employee must first exhaust his contractual or administrative remedies, or show that he was excused from doing so, before he may pursue a direct judicial action against his employer." (quoting *Casey v. City of Fairbanks*, 670 P.2d 1133, 1136 (Alaska 1983))).

rehearing and claimed that the Division "never responded or acknowledge[d] it." The Robinsons received a second administrative hearing, at which they tried to raise the issue, but the ALJ noted that they "raised the same issue in a lawsuit they filed against the Division" and "ruled that because the issue . . . will be adjudicated in the Robinsons' court action, it would not be appropriate to also adjudicate that issue in this hearing." In their March 29, 2018 amended complaint, the Robinsons again alleged that they had received no response to their April 4 letter and claimed that the Division had not complied with the ALJ's first decision.

The superior court did not consider this claim when it dismissed the Robinsons' case, and the Robinsons have raised it on appeal. It was error for the superior court to overlook the Robinsons' claim that the Division had not complied with the ALJ's first decision. We therefore reverse the superior court's dismissal of this claim.

Considering the claim would have required the superior court to review the ALJ's decision not to address the April 2017 letter, we conclude that this claim was also an administrative appeal.[7] The Robinsons' April 2017 request for a hearing was timely filed,[8] but the ALJ refused to consider the merits of their claim because he understood that it would be adjudicated in the superior court. Under the exhaustion of remedies doctrine, however, the superior court could only hear the issue on appeal from a decision by the ALJ.[9] We therefore instruct the superior court to remand the issue to the Division.

---

[7] *See Levi*, 433 P.3d at 1147.

[8] *See* 7 Alaska Administrative Code (AAC) 49.030 (2015) (requiring a request for fair hearing to be filed within 30 days of notice of the challenged action).

[9] *See Seybert v. Alsworth*, 367 P.3d 32, 36 (Alaska 2016) ("In general, a party may not seek relief in a judicial forum until that party has exhausted his or her available
(continued...)

**C.** **The Superior Court Did Not Consider The Challenge To The Amount Of Relief Granted The Robinsons In The ALJ's 2017 Decision.**

On March 9, 2017, shortly before the ALJ issued his first decision, Michaela filed a notice with the superior court that she disagreed with the portion of the proposed decision dealing with instrumental acts of daily living and "would like that to be addressed to be fixed." In an October 23, 2017 filing, the Robinsons also stated that the "March 24, 2017 decision read poorly" and that they disagreed with the amount of relief granted to them by the ALJ.

Having first exhausted their remedies before the agency,[10] the Robinsons brought this claim squarely before the superior court. But the court failed to consider it when it dismissed their case, and we conclude that the Robinsons raise it on appeal.[11] It was error for the superior court to overlook this claim; we therefore reverse its dismissal and instruct the superior court on remand to address the Robinsons' challenge as an administrative appeal of the ALJ's 2017 decision.[12]

---

[9] (...continued) administrative remedies." (quoting *Winterrowd v. State, Dep't of Admin., Div. of Motor Vehicles*, 288 P.3d 446, 450 (Alaska 2012))).

[10] *See id.*

[11] The Robinsons request reimbursement for out-of-pocket medical expenses during the period after the ALJ's first decision, apparently alleging that Michaela's benefits should have been assessed at 23.25 hours per week. We construe the claims of unrepresented litigants liberally. *See Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018).

[12] *See Levi*, 433 P.3d at 1147 ("A claim is functionally an administrative appeal if it requires the court to consider the propriety of an agency determination." (quoting *Carlson v. Renkes*, 113 P.3d 638, 641 (Alaska 2005))).

**D.** **We Affirm The Dismissal Of The Remainder Of The Robinsons' Claims.**

The Robinsons make several additional arguments on appeal, but we conclude that they are without merit. The Robinsons contend that the superior court erred when it dismissed their claim that the Division violated their rights under the Health Insurance Portability and Accountability Act (HIPAA). But neither HIPAA nor the regulations promulgated under it confer a private right of action.[13] The Robinsons also assert claims for intentional infliction of emotional distress and punitive damages, but did not raise these issues before the superior court. As a result these arguments were not preserved for appeal.[14] The Robinsons have not provided a basis for disturbing the superior court's decision further.

**E.** **Conclusion**

We REVERSE the dismissal of the Robinsons' claims that (1) the Division improperly terminated Michaela's PCA services in 2015; (2) the Division did not comply with the ALJ's March 2017 decision; and (3) the ALJ granted insufficient relief in its March 2017 decision. We AFFIRM the dismissal of the Robinsons' other claims and REMAND for further proceedings consistent with this order.

---

[13] *Wright v. Anding*, 390 P.3d 1162, 1168 n.12 (Alaska 2017) ("HIPPAA [sic] regulations do not confer a private right of action on an individual." (citing *Want v. Express Scripts, Inc.*, 862 F. Supp. 2d 14, 19 (D.D.C. 2012))); *see also Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (noting that "[e]very district court that has considered this issue is in agreement that [HIPAA] does not support a private right of action").

[14] *See Wright*, 390 P.3d at 1169-70.