Frank J. SKUDRZYK, Appellant,

v.

Ms. Janice REYNOLDS, Mr. Patrick O'Rourke, Mr. Donald O'Dowd, University Of Alaska, and Mr. Gordon E. Evans, Mr. Robert F. Williams, Ms. Susan A. Stitham, Mr. Mark H. Helmericks, Ms. Virginia W. Breeze, Ms. Ruth E. Burnett, Mr. Eric Forrer, Mr. Roy M. Huhndors, Ms. Ann T. Parrish, Mr. Morris Thompson, Mr. Jack VanHatten, Regents of the University of Alaska, in their Official Capacity, Appellees.

No. S–4465.

Supreme Court of Alaska.

July 23, 1993.

James M. Hackett, Fairbanks, for appellant.

Paul H. Cragan, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellees.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

OPINION

MATTHEWS, Justice.

Frank Skudrzyk filed suit against the University of Alaska, challenging its denial of his tenure application almost thirteen months before. The superior court ruled that Skudrzyk's suit was an administrative appeal and refused to relax the Alaska Appellate Rule 602(a)(2) limitations period.[1] We reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Skudrzyk began employment as full professor in the School of Mineral Industry (later renamed the School of Mineral Engineering) at the University of Alaska, Fairbanks (UAF), in 1982. He received a series of one-year reappointments from 1983 until 1988. On each of these reappointments he held the rank of full professor in a tenure-track position.

The underlying dispute in this case centers on Skudrzyk's unsuccessful application for tenure and its aftermath. Skudrzyk applied for tenure in September 1988. On March 29, 1989, UAF Chancellor O'Rourke denied Skudrzyk tenure. Skudrzyk then

1. Alaska Appellate Rule 602(a)(2) provides:

An appeal may be taken to the superior court from an administrative agency within 30 days from the date that the decision appealed from is mailed or otherwise distributed to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the date the agency's reconsideration decision is mailed or otherwise distributed to the appellant, or after the date the request for reconsideration is deemed denied under agency regulations, whichever is earlier.

appealed this decision to University President O'Dowd. In his letter to O'Dowd, Skudrzyk complained that "substantial unfairness took place in my tenure review process."

President O'Dowd replied on June 13, 1989. His letter briefly restated Skudrzyk's concerns, then reported that in spite of a "thorough review" he had not found "sufficient evidence" to support Skudrzyk's charges. He therefore denied Skudrzyk's appeal for a reversal of the tenure decision. O'Dowd's letter neither advised Skudrzyk that this was the final decision in his tenure review process nor informed him that any appeal of the decision would have to be made within thirty days in·order to be timely.

On May 9, 1989, Skudrzyk signed a terminal one-year contract with UAF. During that last year, he sought review of his denial of tenure from the newly-constituted Faculty Appeals Committee and from the Board of Regents. Both attempts were unsuccessful. Skudrzyk's employment with UAF ended on June 30, 1990. On July 6, 1990, Skudrzyk filed this suit.

UAF moved to convert Skudrzyk's suit into an administrative appeal. The University argued that President O'Dowd's letter was the final determination in Skudrzyk's tenure review, with the result that his suit was untimely under Appellate Rule 602(a)(2). The superior court granted UAF's motion. Skudrzyk then appealed to this court.

## DISCUSSION

In the proceedings below Skudrzyk argued that even if the Rule 602 deadline applied, the court should use its discretion under Alaska Appellate Rule 521 and dispense with or relax the deadline.[2] The superior court declined to exercise its discretion.[3]

We have recently held that "[f]or Appellate Rule 602(a)(2) to apply, an agency must clearly indicate that its decision is a final order and that the claimant has thirty days to appeal." *Manning v. Alaska Railroad*, 853 P.2d 1120 (Alaska 1993). As we noted in *Manning*, where an administrative agency's decision is communicated in a letter that fails to do either of these things, it is an abuse of discretion not to relax Rule 602(a)(2)'s thirty-day appeal deadline. *Id.* at 1124.

President O'Dowd's letter to Skudrzyk neither indicated that his decision was the final order in Skudrzyk's tenure review nor advised Skudrzyk that he had thirty days to appeal. This case therefore falls squarely within the scope of the *Manning* rule.

Accordingly, the superior court's order is VACATED and this case is REMANDED to the superior court for further proceedings.

---

**2.** Alaska Appellate Rule 521 provides:

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice.

**3.** We review the denial of an Alaska Appellate Rule 521 motion to relax the thirty-day time limit of Rule 602(a)(2) under the abuse of discretion standard. *Anderson v. State, Commercial Fisheries Entry Comm'n*, 654 P.2d 1320, 1322 (Alaska 1982).