*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, e-mail corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| THOMAS E. KYTE, ) | |
| ) | Supreme Court No. S-14492 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-03-12844 CI |
| v. ) | |
| ) | O P I N I O N |
| DEIDRE L. STALLINGS AND ) | |
| STATE OF ALASKA, ) | No. 6956 - September 19, 2014 |
| DEPARTMENT OF REVENUE, ) | |
| CHILD SUPPORT SERVICES ) | |
| DIVISION, ) | |
| ) | |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Alex Swiderski, Judge pro tem.

Appearances: Rhonda F. Butterfield, Anchorage, for Appellant. Susan L. Daniels, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee State of Alaska. No appearance by Appellee Deidre L. Stallings.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.     INTRODUCTION

In this appeal, a father argues that he was entitled to a retroactive modification of his child support obligations.   He contends that a request for modification he filed in 2008 with the Child Support Services Division (CSSD) was never resolved by a final, appealable decision as required by Alaska Appellate Rule 602; that the request was therefore still pending in 2011 when he filed a motion for modification in superior court; and that modification to the date of his 2008 request would not be unlawfully retroactive.   We conclude, however, that CSSD's decision of the father's 2008 request was an appealable final order satisfying Appellate Rule 602, and we therefore affirm the superior court's conclusion that the father is not entitled to a retroactive modification of child support.

## II.    FACTS AND PROCEEDINGS

Thomas Kyte and Deidre Stallings are the parents of a daughter, born in 2002. CSSD entered an administrative order in 2005 requiring Kyte to pay child support of $576 per month, based on his estimated annual income.   Stallings later moved that child support be made retroactive to 2002, and Kyte moved for a prospective modification; the superior court denied both motions in a 2007 order that maintained the monthly amount set by the earlier administrative order.

In January 2008 Kyte filed with CSSD a form request for review and modification of the 2007 order.  A few weeks later CSSD sent Kyte and Stallings notice that the request had been filed, describing the review process and asking both parents to submit income affidavits, tax records, pay stubs, and proof of health insurance.

The next document in the record is central to this appeal.  It is a notice from CSSD to Kyte dated May 8, 2008, captioned in bold letters:  "**Notice of Denial of Modification Review**."  The body of the notice reads:

We reviewed the request for a modification on May 8, 2008. We will not go forward with the modification for the following reason(s):

. . . .

(X) OTHER: Requesting party (non-custodial parent) did not provide Child Support Guidelines Affidavits, IRS returns, W-2's, pay stubs or proof of insurance.

If you disagree with this decision, you must file an appeal in an Alaska court within 30 days of the date this Notice was mailed. There is no administrative appeal process for this decision.

The notice is signed by a CSSD child support manager. Nothing in the record indicates a response to this notice from either party.

Over three years later, in June 2011, Kyte filed a motion in superior court, seeking to modify his child support obligation because of a serious hip injury and consequent reduction in his income. He asked for modification both prospectively and retroactively to March 2008. Recognizing that retroactive child support modifications are generally not allowed, Kyte asserted in his motion that his January 2008 request for modification still remained open; he contended that CSSD's notice of denial did not constitute a valid final order under Alaska Appellate Rule 602(a)(2).[1] CSSD intervened in the court proceeding in order to address the issue of retroactive modification; Stallings did not participate.

The superior court denied Kyte's request for retroactive modification, finding that CSSD's May 2008 denial notice was a final order from which Kyte could have appealed. Kyte appeals from the superior court's order. CSSD again intervenes as an appellee; Stallings again does not participate.

---

[1] The modification Kyte sought in his January 2008 request would have had an effective date of March 1, 2008, had it been granted.

## III. STANDARD OF REVIEW

"We interpret Appellate Rule 602 de novo."[2] In so doing "[w]e adopt 'the rule of law most persuasive in light of precedent, reason, and policy.' "[3]

## IV. DISCUSSION

Alaska law prohibits retroactive modification of child support orders; the parent's obligation can be changed only prospectively.[4] Accordingly, a court may not modify a child support order retroactively to any date before the day a motion to modify the order was filed.[5]

Kyte's appeal relies on a narrow exception to this rule derived from the language of Appellate Rule 602(a). The rule addresses the time for taking appeals; discussing appeals from the decisions of administrative agencies specifically, Rule 602(a)(2) provides in relevant part that "[t]he 30-day period for taking an appeal does not begin to run until the agency has issued a decision that *clearly states that it is a final decision and that the claimant has thirty days to appeal*." (Emphasis added.) In *Paxton v. Gavlak*, we held that once CSSD had commenced a review of the father's child support obligations, the agency's "failure to send [the father] a closure letter satisfying Appellate Rule 602 had the consequence of keeping its review file open."[6] Because CSSD failed to close the file with a final, appealable decision denying relief, the father's

---

[2] *State, Dep't of Natural Res. v. Nondalton Tribal Council*, 268 P.3d 293, 299 (Alaska 2012) (citing *Stone v. State*, 255 P.3d 979, 982 (Alaska 2011)).

[3] *Stone*, 255 P.3d at 982 (quoting *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008)).

[4] Alaska R. Civ. P. 90.3(h)(2); *Swaney v. Granger*, 297 P.3d 132, 136 (Alaska 2013); *see also* 42 U.S.C. § 666(a)(9) (2012).

[5] Alaska R. Civ. P. 90.3(h)(2); *see Swaney*, 297 P.3d at 136.

[6] 100 P.3d 7, 12 (Alaska 2004).

child support modification request in superior court could relate back to the date of his earlier agency petition — still technically pending.[7]

Kyte argues that the same rule governs his case. He argues that CSSD never closed the file on his January 2008 modification request with a final, appealable order that satisfied Appellate Rule 602(a)(2), and that he should be permitted a modification of child support retroactive to March 2008, resulting in a significant reduction in the past-due amounts he owes under the 2007 order.

We reject Kyte's argument, concluding, as the superior court did, that CSSD's notice satisfied Appellate Rule 602(a)(2). To be effective as a final order, a notice must "clearly indicate" both requirements identified in the rule: (1) that the decision is final and (2) that an appeal must be filed within 30 days.[8] We have held that "where an administrative agency's decision is communicated in a letter that fails to do either of these things, it is an abuse of discretion not to relax Rule 602(a)(2)'s thirty-day appeal deadline."[9]

In *Paxton*, letters issued by the agency failed to meet either requirement.[10] Not only did they fail to inform the father that the agency had made its final decision or that he had 30 days to appeal, they also contained "dramatically erroneous information," including notice that he was "in substantial compliance with his child support order."[11] We concluded that the father's confusion and his failure to timely appeal to the superior

---

[7]    *Id.*

[8]    *Skudrzyk v. Reynolds*, 856 P.2d 462, 463 (Alaska 1993).

[9]    *Paxton*, 100 P.3d at 12 (quoting *id.*) (internal quotation marks and alteration omitted).

[10]    *Id.*

[11]    *Id.* (internal quotation marks omitted).

court were reasonable under the circumstances.[12] We held that a modification of his child support obligation to the date CSSD issued its notice of petition would not be retroactive.[13]

Unlike the father in *Paxton*, Kyte necessarily concedes that he was notified of his 30 days to appeal, as that fact is expressly stated in the closing paragraph of CSSD's notice.[14] He argues, however, that the letter failed to satisfy the first, more fundamental requirement of Rule 602 — that it clearly convey that the agency decision is final. Kyte's main quarrel with the letter is that it does not include the word "final" or a synonym of it. But while use of the word "final" may well add clarity, we have never required the word itself, only that finality be "clearly indicate[d]."[15] Rule 602 requires that the agency notice "clearly state[] that it is a final decision."[16] Although form is important, whether a decision clearly is final depends more on its "substance and effect," as shown by "the operational or decretal language" it uses.[17] There is no question here that CSSD was giving Kyte notice of its final decision.

The notice is clear, written in non-technical language, and contains at least three express indications of finality. First, the notice is captioned, "**Notice of Denial of Modification Review**," clearly stating in bold letters that the agency has decided to deny

---

[12] *Id.*

[13] *Id.*

[14] The letter's last paragraph includes this line: "If you disagree with this decision, you must file an appeal in an Alaska court within 30 days of the date this Notice was mailed."

[15] *Skudrzyk v. Reynolds*, 856 P.2d 462, 463 (Alaska 1993).

[16] Alaska R. App. P. 602(a)(2).

[17] *Matanuska Maid, Inc. v. State*, 620 P.2d 182, 184-85 (Alaska 1980).

Kyte's request. Second, the notice states, "We will not go forward with the modification," giving its reasons (here, a lack of supporting documentation). Finally, the notice concludes by informing Kyte that "[t]here is no administrative appeal process for this decision," and that if he disagrees with it he "must file an appeal in an Alaska court within 30 days of the date this Notice was mailed." Taken as a whole, CSSD's notice clearly conveys to a reasonable reader that the agency's involvement with Kyte's request for modification is done — final — and any further action, such as "an appeal in an Alaska court," is up to him.

The cases on which Kyte relies are inapposite.[18] The import of the agency notice in this case was unmistakable: CSSD's denial of his request for modification was its final action, and any further review had to be pursued in court within 30 days. The superior court correctly ruled that Kyte was not entitled to a retroactive modification of his child support obligations based on his 2008 request.

## V. CONCLUSION

We AFFIRM the order of the superior court.

---

[18] *Carlson v. Renkes*, 113 P.3d 638, 642 (Alaska 2005) (holding 30-day appeal period had not begun to run where letter did not state that it was a final decision or advise Carlson of his right to appeal within 30 days); *Skudrzyk*, 856 P.2d at 463 (relaxing 30-day appeal requirement where the letter "neither indicated that [the] decision was the final order in Skudrzyk's tenure review nor advised Skudrzyk that he had thirty days to appeal"); *Manning v. Alaska R.R. Corp.*, 853 P.2d 1120, 1124 (Alaska 1993) (relaxing 30-day appeal requirement where it was possible Manning had never received the decision letter, and "[t]he letter did not indicate it was an order, or that it was a final order, or that Manning had only thirty days to appeal from it"); *Owsichek v. State, Guide Licensing & Control Bd.*, 627 P.2d 616, 622 (Alaska 1981) (allowing delay in filing where Owsichek was not notified by the agency "that the letter was its final order and that he could appeal from it, but only if he did so within the next thirty days").