*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KEVIN PATTERSON, ) | |
| ) | Supreme Court No. S-16569 |
| Appellant, ) | |
| ) | Superior Court No. 1JU-15-00692 CI |
| v. ) | |
| ) | O P I N I O N |
| GOVERNOR BILL WALKER in his ) | |
| official capacity, PAST ATTORNEY ) | No. 7310 – October 19, 2018 |
| GENERAL CRAIG RICHARDS in his ) | |
| official capacity, PAST ATTORNEY ) | |
| GENERAL MICHAEL GERAGHTY ) | |
| in his official capacity, PAST ) | |
| ATTORNEY GENERAL DANIEL S. ) | |
| SULLIVAN in his official capacity, ) | |
| PAST GOVERNOR SEAN PARNELL ) | |
| in his official capacity, PAST ) | |
| ASSISTANT ATTORNEY GENERAL ) | |
| MARIKA ATHENS in her official ) | |
| capacity, BETH GOLDSTEIN, ) | |
| OFFICE OF PUBLIC ADVOCACY, ) | |
| in her official capacity, and STATE OF ) | |
| ALASKA, as an entity, ) | |
| ) | |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Louis J. Menendez, Judge.

Appearances: Kevin Patterson, pro se, Wasilla, Appellant. Elizabeth M. Bakalar, Assistant Attorney General, Juneau, and Jahna Lindemuth, Attorney General, Juneau, for Appellees.

Before: Stowers, Chief Justice, Maassen, Bolger, and Carney, Justices. [Winfree, Justice, not participating.]

MAASSEN, Justice.

## I. INTRODUCTION

The superior court dismissed a prisoner's complaint seeking damages from a number of state actors on grounds that his conviction and prison sentence for possession of child pornography violated various provisions of the Alaska Constitution. The prisoner appeals.

We hold that a civil suit for damages allegedly caused by a criminal conviction or sentence may not be maintained if judgment for the plaintiff would necessarily imply the invalidity of the conviction or sentence, unless the conviction or sentence has first been set aside in the course of the criminal proceedings. We also reject the prisoner's claim that the superior court demonstrated an unfair bias against him. For these reasons we affirm dismissal of the complaint.

## II. FACTS AND PROCEEDINGS

Kevin Patterson has been incarcerated since 2013, having been convicted after a bench trial of seven counts of possession of child pornography. The Alaska Court of Appeals affirmed his conviction in 2017.[1]

In May 2015 Patterson filed a 121-page civil complaint in superior court in Juneau. The complaint named as defendants the governor and his predecessor, the Alaska Legislature, a state senator, the then-current and two former attorneys general, an assistant attorney general, an attorney with the Office of Public Advocacy, and the

---

[1] *Patterson v. State*, No. A-11816, 2017 WL 2392428, at *1 (Alaska App. May 31, 2017).

State of Alaska. The complaint alleged that these state officials and entities had "directly harmed . . . Patterson in numerous ways and [had] violated his Constitutional Rights over and over." It sought damages for Patterson's incarceration, violence and emotional distress he allegedly suffered while in prison, and the alleged denial of medical care.

Patterson's complaint elaborated on his legal theories. He asserted that his sentence violated the prohibition against double jeopardy because it was enhanced by a prior misdemeanor conviction, in another state, that was treated as a felony conviction for purposes of sentencing in Alaska. He argued that his conviction violated the due process clause because the child pornography he was convicted of possessing was created outside Alaska; he contended that AS 11.61.127 criminalizes only the possession of images created in the state. He argued that his right to a presumption of innocence was violated because the sentences for possession of child pornography assume that the typical sex offender has committed many other offenses that have gone undetected. He argued that the sentencing statutes are based on flawed studies of sexual predation and that the legislature made sentencing distinctions based on an unwarranted animus toward sex offenders. He claimed that the criminal statutes do not give fair warning that possession of child pornography will be punished more severely than other class C felonies and that it violates due process to punish his crimes more severely than some class B sexual and violent felonies. He asserted that he was unconstitutionally denied access to certain evidence at trial.

Patterson also claimed it was a violation of equal protection to deny him the right to a sentence review by a three-judge panel. He asserted that denying him good time credit on his sentence violated equal protection, due process, and the double jeopardy prohibition. He asserted that the sentencing statutes were unlawful bills of

attainder and that they unconstitutionally failed to consider his potential for rehabilitation. He also contended that his sentence violated *Blakely v. Washington*[2] because he was given a higher sentence based on his prior misdemeanor conviction without a jury finding that the enhancement was necessary. He asserted that the length of time he was required to register as a sex offender under the Alaska Sex Offender Registry Act was unconstitutional because it was based in part on out-of-state conduct.[3] Finally, he asserted that convicted sex offenders are treated unfairly in proceedings involving the termination of their parental rights.

The Alaska Legislature and the state senator moved for dismissal of the claims against them for failure to state a claim upon which relief could be granted; the court granted their motion based on legislative immunity. The State then moved for dismissal of the remaining claims or, alternatively, for a more definite statement. The superior court ordered Patterson to file a more definite statement, and he submitted a 29-page document that further explained his claims. The State renewed its motion to dismiss, and the superior court granted the motion, concluding that Patterson had not demonstrated that any of the challenged laws and actions were unconstitutional and he had therefore failed to state a claim upon which relief could be granted. After the superior court denied reconsideration, Patterson filed this appeal.

---

[2]     542 U.S. 296 (2004).

[3]     Patterson does not pursue the sex-offender registration claim on appeal; he informs us in his reply brief that he is preserving the issue for a later petition for post-conviction relief.

## III.   STANDARD OF REVIEW

"A grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) is reviewed de novo.  In reviewing a Rule 12(b)(6) dismissal, we liberally construe the complaint and treat all factual allegations in the complaint as true."[4]  "Because motions to dismiss are disfavored, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief."[5]  And the claims of unrepresented litigants are "liberally construed."[6]  "A constitutional issue presents a question of law which we review de novo, and to which we apply our independent judgment."[7]

"A judge's decision that he is actually capable of conducting a fair trial is reviewed for abuse of discretion," but "[t]he separate question whether a judge's participation in a case would lead reasonable people to question his ability to be fair is a question of law reviewed de novo."[8]

---

[4]     *Bachner Co. v. State*, 387 P.3d 16, 20 (Alaska 2016) (quoting *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009)).

[5]     *Id.* (quoting *Roberson v. Southwood Manor Assocs., LLC*, 249 P.3d 1059, 1060 (Alaska 2011)).

[6]     *Barber v. Schmidt*, 354 P.3d 158, 162 (Alaska 2015) (quoting *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012)).

[7]     *Debra P. v. Laurence S.*, 309 P.3d 1258, 1260 (Alaska 2013) (quoting *Lashbrook v. Lashbrook*, 957 P.2d 326, 328 (Alaska 1998)).

[8]     *Pederson v. Arctic Slope Reg'l Corp.*, 421 P.3d 58, 65 (Alaska 2018) (quoting *Heber v. Heber*, 330 P.3d 926, 934 (Alaska 2014)).

## IV. DISCUSSION

### A. Patterson May Not Use A Civil Suit For Damages To Attack The Validity Of His Criminal Conviction Or Sentence.

Patterson challenges the superior court's decision that his claims must be dismissed because the statutes under which he was convicted and sentenced pass constitutional muster. We affirm the superior court's judgment, though on different grounds. We hold that Patterson may not maintain a civil suit for damages when a judgment in his favor would necessarily imply the invalidity of his conviction or sentence.

The United States Supreme Court addressed a similar issue in *Heck v. Humphrey*, a civil suit filed under 28 U.S.C. § 1983.[9] While his criminal appeal was still pending, Heck, a convicted felon, filed a complaint alleging that a variety of state actors, "acting under color of state law, had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to [Heck's] arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [Heck's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at [Heck's] trial."[10] The district court dismissed the suit, and the court of appeals affirmed the dismissal.[11]

The Supreme Court also affirmed the dismissal.[12] It analogized Heck's § 1983 claims to a malicious prosecution action, in which the plaintiff is traditionally required to allege and prove "termination of the prior criminal proceeding in favor of the

---

[9]     512 U.S. 477, 478-79 (1994).

[10]    *Id.*

[11]    *Id.* at 479.

[12]    *Id.* at 490.

accused."[13]  The Court noted that "[t]his requirement 'avoids parallel litigation over the issues of probable cause and guilt[,] . . . and it precludes the possibility of the claimant . . . succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.' "[14] Acknowledging the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," the Court concluded that the same analysis should apply "to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement."[15]  It held, therefore, that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[16]  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."[17]  Trial courts, therefore, must "consider whether a judgment

---

[13]  *Id.* at 484.

[14]  *Id.* (quoting 8 S. SPEISER, C. KRAUSE, & A. GANS, AMERICAN LAW OF TORTS § 28:5, at 24 (1991)).

[15]  *Id.* at 486.

[16]  *Id.* at 486-87.

[17]  *Id.* at 487.

in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[18]

Since *Heck* was decided, "[c]ourts from other jurisdictions have applied *Heck*'s reasoning and analysis to state tort claims that would necessarily imply the invalidity of criminal convictions that have not been overturned."[19] We cited *Heck* favorably in *Wilson v. MacDonald*, a civil suit arising from a dispute between neighbors.[20] Wilson appealed the superior court's grant of summary judgment that precluded him from relitigating the elements of an assault charge to which he had entered a no contest plea.[21] He argued on appeal that he did not enter his plea "knowingly" because he was "not aware of [its] civil liability consequences."[22] But we affirmed summary judgment, observing that Wilson's attack on his no contest plea was "a question as to the validity of the plea itself, [and] should be resolved through a motion for post-conviction relief or appeal in the criminal case."[23]

The same rationale governs Patterson's many claims questioning the constitutionality of his conviction and sentence; they "should be resolved through a

---

[18] *Id.*

[19] *Penaflor v. Mossman*, 409 P.3d 762, 768 (Haw. App. 2017) (citing *Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008); *Gibson v. Trant*, 58 S.W.3d 103, 112, 116 (Tenn. 2001)).

[20] 168 P.3d 888, 889 n.11 (Alaska 2007) (citing *Heck*, 512 U.S. at 486).

[21] *Id.* at 888.

[22] *Id.* at 889.

[23] *Id.*

motion for post-conviction relief or appeal in the criminal case."[24] To rule otherwise, as the Supreme Court cautioned in *Heck,* would risk "two conflicting resolutions arising out of the same . . . transaction" — one in the criminal case and another in the civil case.[25]

Because Patterson's claims for damages "would necessarily imply the invalidity of [his] conviction or sentence," his claims were properly dismissed.[26]

---

[24]     *Id.*

[25]     512 U.S. at 484 (quoting 8 S. SPEISER, C. KRAUSE, & A. GANS, AMERICAN LAW OF TORTS § 28:5, at 24 (1991)).

[26]     *Id.* at 487.  We acknowledge that several allegations of harm made in Patterson's complaint did not assume the invalidity of his conviction or sentence, but they do not change our decision here.  First, Patterson alleged that he was assaulted and denied necessary medical care while in pretrial detention in 2012.  But he does not mention these allegations in his brief on appeal, and to the extent he intended them to state independent claims for relief — as opposed to simply provide background for his claims that sex offenders receive unconstitutional disparate treatment — we consider them waived.  *Hymes v. DeRamus*, 222 P.3d 874, 887 (Alaska 2010) ("[I]ssues not argued in opening appellate briefs are waived.  This rule applies equally to pro se litigants.").  Second, Patterson challenged the sex-offender registration law, but, as noted above (*see supra* note 3), he expressly waived this claim for purposes of this appeal.  Finally, Patterson asked the court to strike down AS 47.10.086(c)(11)(B), which excuses the requirement that the Office of Children's Services make "reasonable efforts" to promote the reunification of parent and child in Child in Need of Aid cases if the parent is required to register as a sex offender.  But Patterson has never alleged that he is personally affected by this requirement.  With few exceptions, "a litigant lacks standing to assert the constitutional rights of another."  *Keller v. French*, 205 P.3d 299, 304 (Alaska 2009) (quoting *State ex rel. Dep'ts of Transp. & Labor v. Enserch Alaska Constr., Inc.*, 787 P.2d 624, 630 n.9 (Alaska 1989)); *see also Griswold v. City of Homer*, 252 P.3d 1020, 1030 (Alaska 2011).  We assume that Patterson cites the law as simply another illustration of his claim that the State irrationally discriminates against sex offenders across the board.

**B.** **Patterson Has Not Shown That The Judge Had A Disqualifying Bias.**

Patterson also argues that the trial judge abandoned judicial neutrality while ruling on the motion to dismiss. We review the judge's rejection of Patterson's bias claims for abuse of discretion, and we review de novo Patterson's claim that the judge's "participation in [the] case would lead reasonable people to question [his] ability to be fair."[27]

To the extent Patterson's argument is based on the rulings against him, it is insufficient to show a disqualifying bias.[28] But Patterson also highlights some of the judge's choices of language, which he claims exhibited animus toward sex offenders and him personally: for example, that one of Patterson's claims was "without merit"; that Patterson's proposed interpretations of the child pornography statute "would allow Alaskans to continue to abuse children" as long as the images were created in another state; that sexual offenses against children are "incredibly serious in nature"; and that one of Patterson's arguments, ostensibly minimizing the seriousness of his offenses, was "very troubling." We conclude that none of these remarks would lead a reasonable person to question the judge's ability to be fair, particularly in the context of the proceedings here, where the court patiently extrapolated the claims from Patterson's lengthy pleadings and clearly explained its rationale in written decisions. Given this, we

---

[27] *Pederson v. Arctic Slope Reg'l Corp.*, 421 P.3d 58, 73 (Alaska 2018) (quoting *Heber v. Heber*, 330 P.3d 926, 934 (Alaska 2014)).

[28] *Id.* ("[A litigant] cannot rely solely on the court's adverse rulings as evidence of bias; he must point to specific words or actions showing the court was partial.").

also see no abuse of discretion in the court's decision to participate in the case despite Patterson's claims of bias.[29]

## V.   CONCLUSION

We AFFIRM the superior court's order dismissing the complaint.

---

[29]   Patterson does not contend that his claims of bias, first raised in his motion for reconsideration of the dismissal order, should have been construed as a request for recusal, prompting assignment of the question to a different judge pursuant to AS 20.20.020(c).  We therefore do not address the issue.