WINFREE, Justice.
*766 I. INTRODUCTION
A self-represented litigant appeals from the dismissal of his complaint against Alaska Housing Finance Corporation (AHFC) for failure to state a claim upon which relief could be granted. Because the superior court gave the litigant multiple opportunities to amend his complaint before it correctly concluded that all of his claims were either time-barred, subject to a res judicata defense, or inadequately pleaded, we affirm the superior court's decision.
II. FACTS AND PROCEEDINGS
Elias Robinson appeals from the dismissal of his 2016 complaint against AHFC. Because his complaint refers to previous administrative and superior court proceedings, relevant history is summarized below in Subsections A-C. Subsection D describes the superior court proceedings from which Robinson appeals.
A. 2009 Landlord-Tenant Litigation
Robinson and his family rented an Anchorage apartment from the Johnsons. Robinson's daughter was bitten by another tenant's dog in June 2008. The Robinsons' relationship with the Johnsons soured quickly thereafter. The Johnsons asked the Robinsons to pay for repairing damage to their apartment, and the Robinsons disagreed that they were responsible. The parties mutually agreed to a termination of the Robinsons' tenancy, and they moved out in January 2009.
Robinson's wife then sued the Johnsons for the daughter's dog-bite-related injuries. The Johnsons counterclaimed for the alleged apartment damage. The superior court dismissed the Robinsons' personal injury claim and entered judgment in the Johnsons' favor on their property damage counterclaim in September 2009. Robinson and his wife subsequently filed for bankruptcy protection, and the judgment debt was discharged.
B. 2010 To 2011 Housing Voucher Termination
When the Robinsons lived in the Johnsons' apartment, AHFC paid part of their monthly rent through a federal housing voucher program. After the Johnsons were awarded judgment on their property damage claim, AHFC notified the Robinsons that they were being terminated from the program for failure to comply with its terms because they had damaged their apartment. The Robinsons requested an administrative review, and in December 2009 an AHFC hearing officer affirmed the Robinsons' housing benefit termination. The Robinsons then requested an informal hearing.
At the informal hearing two AHFC employees testified that it was AHFC's policy to terminate a family from the voucher program if a landlord obtained a judgment against the family for damaging an apartment. The Robinsons argued that because the judgment against them had been discharged in bankruptcy, AHFC could not rely on the judgment to terminate them from the voucher program. AHFC's hearing officer disagreed and upheld the termination in September 2010.
Robinson, with attorney assistance, appealed AHFC's administrative determination to the superior court in October. The appeal was stayed in November for AHFC to consider possible mitigating circumstances in the Robinsons' case. The superior court ordered AHFC to keep the Robinsons' subsidy in place while reconsidering the termination decision. At a subsequent hearing the Robinsons presented evidence of medical problems they had had during their tenancy. In March 2011 an AHFC hearing officer again upheld AHFC's termination decision, concluding that the Robinsons had failed to demonstrate mitigating circumstances that would excuse damaging or failing to maintain the apartment.
In August Robinson's attorney withdrew as counsel in the superior court appeal of AHFC's decision. In September 2011 Robinson and AHFC agreed to dismiss the appeal with prejudice.
*767 C. 2011 Eviction Action
While the Robinsons were appealing AHFC's housing voucher termination, they resided in an Anchorage apartment owned by T. McGlohn. In January 2011 McGlohn initiated an eviction action against them, alleging nonpayment of rent. The Robinsons answered, claiming as an affirmative defense that AHFC had failed to pay part of its portion of the rent.
Trial was held over the course of three days in November 2012 and May 2013. McGlohn called AHFC's housing specialist to testify on his behalf on the first day. She apparently testified about the Robinsons' housing voucher being terminated for failure to comply with program rules. The district court ultimately entered judgment for McGlohn in November 2013.
The Robinsons appealed the district court's decision to the superior court in December. The Robinsons appear to have prevailed on appeal at least in part; jurisdiction was returned to the district court in January 2015. The case apparently was settled in December and the court vacated a scheduled trial. The parties then stipulated to dismiss the case with prejudice in February 2016.
D. 2016 Complaint Against AHFC
In October 2016 Robinson filed a one-page complaint against AHFC. Read liberally, the complaint appears to bring four claims: (1) AHFC improperly terminated Robinson's housing choice voucher; (2) Robinson did not receive a fair hearing from AHFC regarding the voucher termination; (3) Robinson's wife would not have had judgment entered against her for damage to the Johnsons' apartment if AHFC had completed necessary inspections and walk-throughs that would have shown the Robinsons had not, in fact, damaged the apartment; and (4) AHFC employees' testimony at McGlohn's eviction action "secur[ed] the termination of [the Robinsons'] housing voucher."
After considerable wrangling about service of process and Robinson's efforts to obtain entry of default against AHFC, the court ordered AHFC to answer Robinson's complaint. AHFC instead filed a motion to dismiss, arguing that Robinson's complaint failed to state a claim upon which relief could be granted.[1]
AHFC interpreted Robinson's claims as arising entirely out of its housing voucher termination, the litigation of which had concluded in 2011 when the parties stipulated to dismiss the superior court appeal with prejudice, and AHFC thus asserted that Robinson's claims were barred by the statute of limitations and the doctrine of res judicata. AHFC argued that if Robinson had tort claims, the statute of limitations was two years[2] and that if Robinson had contract claims, the statute of limitations was three years.[3] Robinson opposed AHFC's motion, arguing that AHFC's failure to file an answer entitled him to a default judgment. He also seemed to contend that the statute of limitations had not yet run because McGlohn's eviction case had not concluded until February 2016.
The court rejected Robinson's default judgment argument, concluding that AHFC had timely responded to the court's orders and that any delay was insignificant and had not prejudiced Robinson. The court then directed Robinson to file a supplemental opposition providing a "clearer and more definite statement of what action or inaction by AHFC he believes was wrong" and explaining why he should not be "barred from renewing the action he agreed to dismiss with prejudice in 2011."
Robinson filed a timely supplemental statement, asserting that his complaint was "not about what happened at [the] time [his voucher was terminated,] it is about what has been happening since then." He appeared to claim that AHFC and its employees who had testified at the voucher termination hearing harmed him by: (1) testifying against him in McGlohn's eviction action; (2) causing Cook *768 Inlet Housing Authority to deny his rental application; (3) interfering with his apartment-hunting process in other unspecified ways; and (4) wrongfully terminating his housing voucher, causing him to have to pay more rent than he otherwise would have.
AHFC responded that Robinson still had not presented a claim upon which relief could be granted. AHFC had "little doubt" that Robinson continued to suffer the consequences of the housing choice voucher termination, but it argued that despite those consequences, Robinson could "not escape the legal bar" imposed by the 2011 stipulation dismissing his appeal with prejudice.
The court largely agreed with AHFC and granted its motion to dismiss "to the extent [Robinson] raises or attempts to raise any complaint regarding conduct of AHFC or its employees in 2011 or earlier." But the court gave Robinson one more opportunity to amend his complaint to supply more detail about his claims related to AHFC's testimony against him and its efforts to interfere with his housing applications. The court warned Robinson that if he failed to file a motion to amend his complaint and a proposed amended complaint complying with the court's order, his case would be dismissed.
Robinson responded with a "[m]otion not to dismiss 2011 or ... 2009 events by AHFC," reiterating his claims about AHFC's failure to conduct required inspections or walk-throughs, its termination of his housing voucher, its alleged testimony against him in the eviction case, and its role in Cook Inlet Housing Authority denying his rental application in 2013. AHFC opposed the motion, pointing out that all of the dates Robinson referenced were outside the statutes of limitations for tort and contract claims.
In March 2018 the superior court dismissed all of Robinson's claims with prejudice. The court stated that Robinson had "failed to show why he should not be bound by his 2011 agreement and ha[d] not shown any basis for a complaint regarding events occurring after the 2011 agreement."
Robinson appeals.
III. STANDARD OF REVIEW
We review a superior court's "grant of a motion to dismiss a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6)... de novo."[4] We also review de novo whether a claim is within an applicable statute of limitations[5] or whether res judicata applies.[6]
IV. DISCUSSION
A. Legal Standards And Robinson's Claims
"In reviewing a Rule 12(b)(6) dismissal, we liberally construe the complaint and treat all factual allegations in the complaint as true."[7] And we also "liberally" construe the claims of self-represented litigants like Robinson.[8] Rule12(b)(6)dismissals should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[9]
Based on a liberal reading of Robinson's filings, we have identified six potential claims: (1) AHFC's failure to conduct required inspections of the apartment the Robinsons rented from the Johnsons resulted in the Johnsons' September 2009 judgment and the Robinsons' subsequent bankruptcy; (2) AHFC wrongfully terminated the Robinson family's housing voucher benefit; (3) AHFC's voucher termination appeal procedures did *769 not comply with due process; (4) AHFC wrongfully caused the Robinsons' Cook Inlet Housing Authority rental application to be denied; (5) AHFC wrongfully interfered with the Robinsons' housing search in other ways; and (6) AHFC harmed the Robinsons when its employees testified against them in the McGlohn eviction action.[10] Because we conclude that all of these claims were either time-barred, barred by the doctrine of res judicata, or inadequately pleaded, we agree with the superior court that Robinson failed to state a claim upon which relief could be granted.
B. Three Claims Are Clearly Outside The Applicable Statute Of Limitations .
"Failing to file a complaint within the time set out by a statute of limitation is a ground for dismissal under Rule 12(b)(6)."[11] In Alaska tort claims must be brought within two years of the cause of action's accrual[12] and contract claims must be brought within three years.[13] Although in some cases "the statute of limitations does not begin to run until the plaintiff discovers, or reasonably should discover, the existence of all the elements of his or her cause of action,"[14] Robinson made no argument that he was not aware of his claims when they accrued.[15]
1. AHFC's alleged failure to conduct required inspections
Robinson contends that AHFC's failure to conduct required inspections of the Johnsons' apartment resulted in his wife's inability to defend against the Johnsons' counterclaim for damages and the subsequent judgment in their favor. Putting aside that Robinson's wife is not a party to this case, this claim is untimely. The Robinsons moved out of the Johnsons' apartment in January 2009; the Johnsons obtained the judgment for damages to the apartment in September 2009. Robinson should reasonably have discovered the existence of all the elements of any cause of action by September 2009, at the latest. Because he did not file his claim for over seven years, the superior court properly dismissed it as untimely.[16]
2. AHFC employees' alleged wrongful testimony against Robinson
Robinson alleges AHFC harmed him when its employees testified against him in McGlohn's eviction case. To the extent Robinson is arguing he was defamed or that AHFC committed some other tort by way of the testimony, such a claim accrued when the testimony occurred in November 2012, more than three years before Robinson filed his complaint.[17] The superior court thus properly dismissed the claim as untimely.[18]
3. AHFC's alleged role in Cook Inlet Housing Authority's denial of Robinson's rental application
Robinson alleges that AHFC was responsible for his housing application being denied by Cook Inlet Housing Authority in February 2013. This denial occurred more than three years before Robinson filed his *770 complaint; the superior court thus properly dismissed the claim as untimely.[19]
C. Two Claims Are Clearly Barred By Res Judicata.
Although res judicata typically is an affirmative defense, it can be raised in a motion to dismiss a complaint for failure to state a claim upon which relief could be granted.[20] We give a judgment res judicata effect "when it is (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[21] For purposes of the first requirement, "a dismissal with prejudice is treated as a dismissal on the merits and is, therefore, a final judgment on the merits."[22] For purposes of the last requirement, the "same cause of action" includes "[n]ew claims arising from 'the same transactions as those in the first suit.' "[23]
Robinson's claims that AHFC wrongfully terminated his housing voucher and that it denied him due process when he appealed the termination both are barred by res judicata. Robinson stipulated to dismiss his appeal of AHFC's termination decision with prejudice in 2011. Dismissal with prejudice operates as a final judgment on the merits for res judicata purposes,[24] it was entered by a court of competent jurisdiction, and it was between the same parties as this case, Robinson and AHFC. Robinson's wrongful housing voucher termination claim was directly at issue in his previous case against AHFC, and whether its procedures complied with due process arises out of the same transaction.[25] We thus conclude that the superior court properly granted AHFC's motion to dismiss those two claims.
D. Robinson's Claim Regarding AHFC's Other Housing-Search Interference Was Inadequately Pleaded.
Alaska Civil Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."[26] Alaska has "liberal pleading rules."[27] Plaintiffs must present only "a brief statement that 'give[s] the defendant fair notice of the claim and the grounds upon which it rests.' "[28] But Robinson made only a vague and non-specific statement alleging AHFC interfered with his attempts to find housing, and his complaint does not give AHFC "fair notice" of the grounds for his claim.
Robinson stated in response to AHFC's motion to dismiss that he "was homeless for about a year because of [AHFC] interfering in [his] process of [apartment] hunting." The only specific example he pointed to was alleging that an AHFC employee told Cook Inlet Housing Authority not to rent to the Robinsons. As noted in Subsection C, that claim is outside the statute of limitations. Beyond that allegation, Robinson provided no details about how or when AHFC interfered in his apartment search.
*771 AHFC would be hard-pressed to mount a defense to this claim because it is unclear what Robinson alleges it did. We conclude that the superior court properly dismissed the claim for failure to state a claim upon which relief could be granted.
V. CONCLUSION
The superior court's decision is AFFIRMED.

See Alaska R. Civ. P. 12(b)(6) (authorizing, prior to answer, filing motion to dismiss complaint for failure to state claim upon which relief could be granted).

See AS 09.10.070(a).

See AS 09.10.053.

Clemensen v. Providence Alaska Med. Ctr. , 203 P.3d 1148, 1151 (Alaska 2009).

See Richardson v. Municipality of Anchorage , 360 P.3d 79, 84 (Alaska 2015) (quoting Brotherton v. Brotherton , 142 P.3d 1187, 1189 (Alaska 2006) ).

Patterson v. Infinity Ins. Co. , 303 P.3d 493, 497 (Alaska 2013) (quoting Smith v. CSK Auto, Inc. , 132 P.3d 818, 820 (Alaska 2006) ).

Patterson v. Walker , 429 P.3d 829, 831 (Alaska 2018) (quoting Bachner Co. v. State , 387 P.3d 16, 20 (Alaska 2016) ).

Id. (quoting Barber v. Schmidt , 354 P.3d 158, 162 (Alaska 2015) ).

Clemensen , 203 P.3d at 1151 (quoting Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs. , 177 P.3d 1181, 1184 (Alaska 2008) ).

Robinson appears also to contend that, as a procedural matter, the superior court erred by not having an in-person hearing on AHFC's motion to dismiss. But Robinson never requested such a hearing.

Jackson v. Municipality of Anchorage , 375 P.3d 1166, 1170 (Alaska 2016).

AS 09.10.070(a).

AS 09.10.053.

Hutton v. Realty Execs., Inc. , 14 P.3d 977, 980 (Alaska 2000).

At oral argument to us, Robinson alleged that his claims were timely under a federal statute, 28 U.S.C. § 1658(a) (2012). Section 1658(a) provides a four-year statute of limitations for actions arising under federal law. See id. Because Robinson did not plead any federal causes of action, the statute is inapplicable to his claims.

See AS 09.10.053, .070(a).

See McCutcheon v. State , 746 P.2d 461, 464 (Alaska 1987) ("The statute [of limitations in a defamation action] begins to run upon 'publication' of the allegedly defamatory statements." (quoting Chiei v. Stern , 561 P.2d 1216, 1217 (Alaska 1977) )).

See AS 09.10.070(a).

See AS 09.10.053, .070(a).

See 61A Am. Jur. 2d Pleading § 334 ("[R]es judicata is an affirmative defense that is generally pleaded in a defendant's answer, but is also properly brought in a preanswer motion to dismiss for failure to state a claim upon which relief can be granted when all relevant facts are shown by the court's own records, of which the court takes notice, or if it is clear from the face of the complaint that the plaintiff's claims are barred as a matter of law." (internal citations omitted)).

Patterson v. Infinity Ins. Co. , 303 P.3d 493, 497 (Alaska 2013) (quoting Angleton v. Cox , 238 P.3d 610, 614 (Alaska 2010) ).

Smith v. CSK Auto, Inc. , 132 P.3d 818, 820 (Alaska 2006).

Id. at 820-21 (quoting Alderman v. Iditarod Props., Inc. , 104 P.3d 136, 141 (Alaska 2004) ).

See id. at 820.

See id. at 821 (quoting Alderman , 104 P.3d at 141 ).

Alaska R. Civ. P. 8(a).

See Griffith v. Taylor , 937 P.2d 297, 307 (Alaska 1997).

Alaska Commercial Fishermen's Mem'l in Juneau v. City & Borough of Juneau , 357 P.3d 1172, 1178 (Alaska 2015) (alteration in original) (quoting Valdez Fisheries Dev. Ass'n v. Alyeska Pipeline Serv. Co. , 45 P.3d 657, 673 (Alaska 2002) ).