NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAYMOND C. KATCHATAG, | ) | |
| | ) | Supreme Court No. S-17448 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-18-11620 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF CORRECTIONS, | ) | |
| | ) | No. 1817 – February 17, 2021 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Peterson, Judge.

Appearances: Raymond C. Katchatag, pro se, Seward, Appellant. Andalyn Pace, Assistant Attorney General, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Maassen and Carney, Justices. [Winfree, Justice, not participating.]

## I. INTRODUCTION

At a disciplinary hearing, a prisoner pleaded guilty to indecent exposure and was given punitive segregation for 20 days; the sentence was suspended for 90 days on condition that there be no further incidents. The prisoner appealed to the correctional facility superintendent but did not identify any grounds for appealing, asserting only that

---

\* Entered under Alaska Appellate Rule 214.

he intended to take his appeal directly to "the appeals court" because the "case law" was on his side. The superintendent denied the appeal. The prisoner then filed a notice of appeal in the superior court, citing several legal authorities and asserting that he had been punished before he was found guilty. The Department of Corrections moved to dismiss the appeal. The court granted the motion, explaining that the prisoner had "failed to allege any specific facts necessary to obtain judicial review."

The prisoner appeals. Because he failed to develop a factual record during the administrative proceedings that could support his claims, we affirm the superior court's dismissal of his appeal.

## II.    FACTS AND PROCEEDINGS

Raymond Katchatag, a prisoner at Spring Creek Correctional Center, was written up by a correctional officer for indecent exposure, a low-moderate infraction under 22 Alaska Administrative Code 05.400(d)(1) (2020). At a disciplinary hearing, the hearing officer asked Katchatag if he wanted his hearing advisor present or if he wanted to introduce any evidence, reports, or witnesses; when Katchatag said he might have some evidence to present, the hearing officer told him that it could be done later in the hearing.

However, Katchatag then decided to plead guilty to the infraction and did not introduce any evidence, though he continued to deny any intentional wrongdoing. Because this was "a repeat infraction for Katchatag and a frequently occurring infraction," the hearing officer imposed the "severe sanction[]" of 20 days punitive segregation, suspending the sentence "for 90 days pending no [further] accusations of this incid[e]nt."

A few days later Katchatag submitted an appeal to the superintendent. In the space on the appeal form for "Appeal Statement," he wrote simply, "I'll take it up [with] the appeals court, [because] the case law allows me to beat this [write-up]." The

superintendent denied the appeal, explaining that his review was hobbled by Katchatag's failure to specify why he thought the decision below was wrong:

> Mr. Katchatag offers no points in this appeal, absolutely nothing other than the threat of court action. I can find nothing that would have been denied to him during the hearing, and I support the findings and the sanctions imposed by the [hearing officer] and will not grant any part of this appeal. The evidence more than supports the guilty finding. As the authority reviewing and ruling on his appeal I should not be left to assert, create, and or present his appeal and rule on it as well. His use of the appeal process is not in alignment with policy and he is limiting his opportunities to be effectively heard. Appeal denied.

Katchatag appealed the superintendent's denial to the superior court. Citing a United States Supreme Court case, *Bell v. Wolfish*,[1] and the Eighth and Fourteenth Amendments to the United States Constitution, Katchatag asserted that "[a] detainee may not be punished prior to adjudication of guilt." The Department moved to dismiss, arguing that Katchatag had failed to exhaust his administrative remedies and had failed to allege specific facts showing how the Department had violated his constitutional rights.[2] In his opposition, Katchatag conceded that he had "deliberately not writ[ten] anything on the appeal" to the superintendent, attributing the omission to his belief that, "[f]rom [his] own personal experiences, . . . the administrative appeal system doesn't abide by its own rules or laws as they are biased [and] prejudice[d]." He repeated the assertion from his notice of appeal that the Department had "punished [him] prior to an

---

[1]    441 U.S. 520 (1979).

[2]    *See* AS 33.30.295(a) (requiring prisoner seeking judicial review of prison disciplinary decision to "allege[] specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication"); 22 AAC 05.480(o) (requiring exhaustion of administrative appeals before a prisoner can seek review in the superior court).

adjudication by the disciplinary hearing officer." Finally, he asserted "that the writer of [the disciplinary] report is biased and prejudic[ed]," which he claimed he could prove once he "acquir[ed] the agency file of the correctional officer"; he claimed he would then "be able to show that the correctional officer . . . exhibited undue familiarity with inmates long after [Katchatag's] disciplinary hearing and [showed] undue familiarity with inmates prior in the months . . . since the correctional officer has been employed with the [Department]."

The superior court granted the Department's motion to dismiss, explaining that Katchatag had "failed to allege any specific facts necessary to obtain judicial review." Katchatag appeals the order of dismissal.

## III. STANDARD OF REVIEW

"Whether an inmate has received procedural due process is an issue of constitutional law that we review de novo."[3] Overturning a prison disciplinary decision "requires the court to find that a violation of the prisoner's fundamental constitutional rights 'prejudiced the prisoner's right to a fair adjudication.' "[4] "[T]he claims of unrepresented litigants are 'liberally construed.' "[5]

## IV. DISCUSSION

**Katchatag Waived His Claims By Failing To Make A Record Permitting Appellate Review.**

Alaska Statute 33.30.295(a) provides in part that "[a] prisoner may obtain

---

[3]     *Smith v. State, Dep't of Corr.*, 447 P.3d 769, 776 (Alaska 2019) (quoting *Walker v. State, Dep't of Corr.*, 421 P.3d 74, 81 (Alaska 2018)).

[4]     *Simmons v. State, Dep't of Corr.*, 426 P.3d 1011, 1020 (Alaska 2018) (quoting AS 33.30.295(b)(1)).

[5]     *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018) (quoting *Barber v. Schmidt*, 354 P.3d 158, 162 (Alaska 2015)).

judicial review by the superior court of a final disciplinary decision by the Department only if the prisoner alleges specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication." We explained in *Johnson v. State* that this requirement applied to the prisoner's statement of points on appeal; the legislature intended that the initial filing demonstrate a factual basis justifying judicial review.[6]

The statement of points that Katchatag filed in the superior court did not allege any "specific facts," though it appears to allege that he was punished before he had been found guilty of the disciplinary infraction. But Katchatag pleaded guilty at the disciplinary hearing without making any attempt to introduce evidence. Nor did he take advantage of his appeal to the superintendent to identify any particular problems with the disciplinary proceedings or the hearing officer's decision.

The superior court was thus left with Katchatag's bare assertion that he had been punished before being adjudged guilty, but with no evidence whatsoever to support that assertion. The agency record preceding Katchatag's appeal to the superintendent consists of four pages: the correctional officer's write-up, the hearing officer's two-page report of the proceedings and disposition, and Katchatag's request for an appeal form, acknowledged by a departmental employee. Nothing in these pages suggests any pre-adjudication punishment. And even if the court also considered the new allegations made in Katchatag's opposition to the State's motion to dismiss — that the administrative process was biased, and that the correctional officer who reported Katchatag's infraction was also biased and had "shown undue familiarity with inmates" — there is no evidence in the record to support these assertions either. Indeed, Katchatag appeared to assert in his opposition that he would prove the alleged bias only

---

[6] 380 P.3d 653, 656-57 (Alaska 2016).

after he had "acquir[ed] the agency file of the correctional officer." But the time to request evidence, present it to the fact-finder, and develop fact-based arguments was at the hearing; the superior court will not consider evidence presented for the first time on appeal.[7]

Katchatag argues in his brief that the Department prevented him from acquiring the "file" on the correctional officer who reported his infraction (apparently because his request for the file was considered moot once he pleaded guilty and failed to argue any points on appeal). But Katchatag did not raise this argument at any point in the administrative proceeding. If there is merit to the claim, the superintendent should have been given the opportunity to address it in the first-tier appeal and to provide a remedy. Katchatag waived this claim when he failed to state any grounds for his appeal to the superintendent.[8]

Katchatag's failure to develop a factual record makes it impossible for us to review his claims of pre-adjudication punishment, systemic bias, and correctional officer bias. The superior court therefore did not err when it dismissed the appeal for failure "to allege any specific facts necessary to obtain judicial review."

---

[7] Alaska R. App. P. 604(b)(1)(A) ("The record on appeal consists of the original papers and exhibits filed with the administrative agency, and a typed transcript of the record of proceedings before the agency."); *see also Pacifica Marine, Inc. v. Solomon Gold, Inc.*, 356 P.3d 780, 793 (Alaska 2015) ("[W]hen courts hear appeals from agency decisions, 'the record on appeal in such cases properly consists of evidence that was either "submitted to" or "considered by" the administrative board.' " (quoting *Alvarez v. Ketchikan Gateway Borough*, 28 P.3d 935, 939 (Alaska 2001))).

[8] *Cf. Handle Constr. Co. v. Norcon, Inc.*, 264 P.3d 367, 371 (Alaska 2011) (holding that argument based on language in building plans was waived because appellant "failed to place the plans in the record, precluding any appellate review of them").

## V. CONCLUSION

We AFFIRM the superior court's order dismissing this disciplinary appeal.