NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRETT TALMADGE, | ) | |
| | ) | Supreme Court No. S-18765 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-22-01549 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2080 – March 19, 2025 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Brett Talmadge, pro se, Wasilla, Appellant. K. Orion Hughes-Knowles, Assistant Attorney General, and Treg Taylor, Attorney General, Juneau, for Appellee.

Before: Maassen, Chief Justice, and Borghesan, Henderson, and Pate, Justices. [Carney, Justice, not participating.]

# I.   INTRODUCTION

A prisoner is currently serving a sentence prescribed by AS 12.55.125(i) while also awaiting trial on new charges that will, if he is convicted, result in sentencing under the same statute. The prisoner filed a civil lawsuit challenging the statute's constitutionality. The superior court granted the State's motion to dismiss the prisoner's complaint, and the prisoner appeals.

---

\*      Entered under Alaska Appellate Rule 214.

Alaska law allows civil claims that would necessarily imply the invalidity of an existing conviction or sentence to be advanced only through criminal appeals or applications for post-conviction relief. We therefore affirm the dismissal.

## II.    FACTS AND PROCEEDINGS

### A.    Background

In 2006 the legislature increased the presumptive sentencing ranges for a number of felony sex crimes described in AS 12.55.125(i).[1] The legislature was motivated in part by a finding that persons charged with such crimes were statistically likely both to have committed unreported offenses in the past and to reoffend in the future.[2]

Following a 2010 trial, Brett Talmadge was convicted of three counts of second-degree sexual abuse of a minor and one count of attempted second-degree sexual abuse of a minor.[3] He was sentenced under AS 12.55.125 and received a composite sentence of 23 years imprisonment with 12 suspended.[4] His application for post-conviction relief, on appeal for the second time, is currently pending in the court of appeals.

In 2019 Talmadge was charged with two counts of first-degree sexual abuse of a minor, one count of second-degree sexual abuse of a minor, and one count of incest related to events that allegedly happened while he was out on probation; a petition to revoke that probation is also pending. Talmadge is currently held in a state correctional center pending trial on the new charges and the probation revocation.

---

[1]    Ch. 14, § 4, SLA 2006.

[2]    2006 S. Journal 2208-12.

[3]    *Talmadge v. State*, No. A-10765, 2013 WL 784884, at *1-2 (Alaska App. Feb. 27, 2013).

[4]    *See Talmadge v. State*, No. A-10765, 2014 WL 5305987, at *1 (Alaska App. Oct. 15, 2014).

**B. Proceedings**

In May 2022 Talmadge, representing himself, filed a complaint against the State alleging that the version of AS 12.55.125 under which he was sentenced in 2010 was both unconstitutionally vague and a bill of attainder prohibited by the United States Constitution, Article I, section 10. The complaint asserted that it was brought pursuant to AS 09.50.250, which identifies the types of "contract, quasi-contract, or tort claim[s]" that may be brought against the State. Talmadge amended his complaint twice; the version in effect at the time of dismissal included claims based on the federal Supremacy Clause;[5] the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; the Ex Post Facto Clause of the U.S. Constitution;[6] and the "single subject" requirement of the Alaska Constitution, article II, section 13. The complaint sought a declaration that the challenged statute was unconstitutional and an injunction against the statute's enforcement.

The State moved to dismiss the complaint under Alaska Civil Rule 12(b)(6), arguing both that it did not provide fair notice of the nature of a tort claim that could be brought under AS 09.50.250 and that it constituted an improper collateral attack on Talmadge's criminal sentence. Talmadge opposed the motion, simultaneously seeking leave to amend his complaint for a third time by dropping the reference to AS 09.50.250 and limiting his constitutional claim to the bill of attainder issue.

The superior court granted the State's motion to dismiss and denied Talmadge's motion for leave to amend his complaint. While the dismissal order did not explain the court's reasoning, the order denying Talmadge's motion to amend

---

[5] *See* U.S. Const. art. VI, cl. 2.

[6] *See* U.S. Const. art. I, § 10, cl. 1.

explained that his "proposed amended complaint suffers from the same flaws as his previous complaint." Talmadge appeals.

## III. STANDARD OF REVIEW

We review a dismissal under Civil Rule 12(b)(6) de novo.[7] We review a decision on a motion to amend the pleadings for abuse of discretion.[8] While leave to amend "shall be freely given when justice so requires,"[9] "[i]t is within a trial court's discretion to deny such a motion where amendment would be futile because it 'advances a claim or defense that is legally insufficient on its face.' "[10]

## IV. DISCUSSION

**The Superior Court Did Not Err By Granting The State's Motion To Dismiss.**

In *Patterson v. Walker* we adopted the United States Supreme Court's rationale for limiting the use of civil suits for collateral attacks on criminal convictions.[11] The Court held in *Heck v. Humphrey* that a civil tort action based on 42 U.S.C. § 1983, that in effect challenged a criminal conviction or sentence, could not be maintained absent proof "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated by judicial or executive action.[12] This proof requirement "avoids parallel litigation over the issues of probable cause and guilt[,] . . . and it precludes the possibility of the claimant . . . succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a

---

[7]     *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 768 (Alaska 2019).

[8]     *Ebli v. State, Dep't of Corr.*, 451 P.3d 382, 387 (Alaska 2019).

[9]     Alaska R. Civ. P. 15(a).

[10]    *Ebli*, 451 P.3d at 387 (quoting *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 174 (Alaska 2010)).

[11]    429 P.3d 829, 832-33 (Alaska 2018).

[12]    512 U.S. 477, 486-87 (1994).

strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[13] When a trial court evaluates a civil complaint, therefore, it "must 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.' "[14]

The State moved to dismiss Talmadge's case for two reasons: first, although his complaint invoked AS 09.50.250, it failed to allege a viable tort claim; and second, the complaint was an improper collateral attack on a prior conviction or sentence. Talmadge's proposed third amended complaint would have remedied the first of these problems, but the second required dismissal and was not cured by the proposed amendment, as the superior court properly concluded.[15]

Talmadge was sentenced under the law he is challenging, and he is awaiting trial on new crimes governed by the same statute.[16] Granting him any of the relief he asks for in this civil suit would necessarily imply the invalidity of his current sentence; his claims are therefore an impermissible collateral attack under the rationale of *Patterson* and *Heck*. His appropriate avenue for pursuing his constitutional claims related to his 2010 conviction remains a petition for post-conviction relief, which is still underway. And he can litigate the same claims in the context of his current criminal case as well.

---

[13]    *Id.* at 484 (first omission in original).

[14]    *Patterson*, 429 P.3d at 832 (quoting *Heck*, 512 U.S. at 487).

[15]    When a trial court does not explicitly state its reasons for dismissal, as here, we attempt to discern its rationale "from the parties' motion papers" and inferences drawn from subsequent orders. *Alaska Wildlife All. v. State*, 74 P.3d 201, 206-07 (Alaska 2003).

[16]    *See Talmadge v. State*, No. A-10765, 2014 WL 5305987, at *1 (Alaska App. October 15, 2014); AS 12.55.125.

Talmadge did not specifically ask the superior court to invalidate his past conviction or sentence, in either his second amended complaint or his proposed third amended complaint. Success in this case would not directly change his status: his sentence would continue to be the result of a valid judgment of conviction until specifically vacated. But conviction under a criminal statute later deemed unconstitutional necessarily implies the invalidity of the conviction and sentence.[17] His case is therefore governed by *Patterson*, and the superior court did not err by dismissing it.

## V.	CONCLUSION

The superior court's order dismissing Talmadge's complaint is AFFIRMED.

---

[17]	*See Montgomery v. Louisiana*, 577 U.S. 190, 201 (2016) ("[W]hen a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful.").