NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DOUGLAS G. NESS, D.D.S., ) | |
| ) | Supreme Court No. S-17927 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-06-08587 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, BOARD OF ) | AND JUDGMENT[*] |
| DENTAL EXAMINERS, ) | |
| ) | No. *1890* – May 4, 2022 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Douglas G. Ness, pro se, National City, California, Appellant. Harriet D. Milks, Senior Assistant Attorney General, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, and Maassen, Borghesan, and Henderson, Justices. [Carney, Justice, not participating.]

## I. INTRODUCTION

Fourteen years after the Alaska Board of Dental Examiners imposed a five-year period of probation on a dentist, he asked the Board to take him off probationary status. The Board denied his request, and the dentist filed a motion in superior court seeking a ruling that the probationary period was satisfied. The superior court denied the

---

[*] Entered under Alaska Appellate Rule 214.

motion on the ground that the dentist had not yet exhausted his administrative remedies. We affirm. But because the Board did not give the dentist timely notice of his right to an administrative hearing, we remand this case to the superior court with instructions that it direct the Board to provide the dentist 30 days in which to request an administrative hearing.

## II.     FACTS AND PROCEEDINGS

Another dental professional reported Dr. Douglas Ness to the Board of Dental Examiners because of complications from a 2002 dental surgery. In 2006 the Board sanctioned Dr. Ness by imposing a four-month suspension from practice, a $20,000 fine, a requirement of continuing ethics education, and the probationary term central to this appeal: "probation for a period of five years after the preceding conditions are fulfilled during which time his office records will be subject to a random audit by the board or its designee in each of the probation years."

Dr. Ness appealed the suspension and fine — but not the probationary period or education requirement — to the superior court. In 2008 the superior court reversed the Board's decision to impose the suspension, and the Board appealed to this court. We concluded that the superior court had erred, and we remanded the case to the Board for reconsideration; on reconsideration the Board reinstated the suspension.

Dr. Ness served the suspension, completed the education requirement, and paid the fine. He then moved away from Alaska and has not practiced in the state since. There is nothing in the record to indicate that the Board ever attempted to exercise its right to audit his office records.

Dr. Ness, now practicing in California, at some point learned that he was still publicly listed as being on probation in Alaska, and in January 2020 he wrote the Board asking that it remove the probationary status on his license as having been fully satisfied. Receiving no response, he wrote the Board again in February. An investigator

for the Board responded in March, informing Dr. Ness that the Board had considered his request at its quarterly meeting and denied it. The investigator explained, "Based on your inability to comply with the random audit requirement of the license probation, any periods of time you were out of state do[] not count towards the five-year probation." The investigator wrote that Dr. Ness could contact her for "additional assistance" but did not inform him of any administrative appeal rights.

The Board sent Dr. Ness a corrected letter in July which reiterated its decision but this time informed him that he was "entitled to a hearing on the Board's denial of [his] request through the Alaska Office of Administrative Hearings" as long as his request came within 15 days. In the meantime, however, Dr. Ness had filed a motion in superior court entitled "Respondent's Motion to Compel Discharge of Probation Order as Fully Satisfied," using the case number of the 2006 administrative appeal. Citing Alaska Civil Rule 60(b),[1] Dr. Ness argued that the superior court had the power to discharge his probation because the matter arose out of its 2008 order, and that Rule 60(b) granted the court "equitable jurisdiction to address and correct orders." He further argued that he had exhausted all other options because the Board "refused to address the matter in a substantive manner." On the merits, Dr. Ness argued that nothing in the Board's original sanctions order required that he serve his probationary period in Alaska and that a potentially unending probationary period violated his right to due process.

The superior court denied Dr. Ness's motion, holding that Civil Rule 60(b) did not apply because the Administrative Procedure Act (APA) required additional

---

[1] Civil Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

proceedings before he could seek relief from the court. The court explained that the 2008 order in the earlier superior court proceedings was "an affirmation of the *Board's decision*" (emphasis in original), and that Dr. Ness had been placed on probation under the Board's authority, not the court's. The court reasoned that it did not have the "authority to make decisions such as the requirements for satisfying probationary terms for dental licenses" and that "[s]uch decisions are left to the expertise of the agency." The court concluded that superior court was "not the proper venue to seek relief before administrative remedies have been exhausted," reasoning in the alternative that if Rule 60(b) did apply, "12 years [had] passed since the issuing of the order Dr. Ness seeks relief from" and the motion was untimely as a matter of law.

Dr. Ness appeals the superior court's denial of his motion to deem the probationary period fully satisfied.

## III. STANDARD OF REVIEW

"Whether a type of claim generally requires exhaustion of administrative remedies is a legal question that we review de novo. We review for abuse of discretion a superior court's determination of whether a plaintiff exhausted those remedies or whether the failure to exhaust should be excused."[2]

## IV. DISCUSSION

### A. The Superior Court Correctly Decided That Dr. Ness's Claim Was Subject To The APA Rather Than The Civil Rules.

Dr. Ness argues that the superior court had the power to set aside his probationary term under Rule 60(b) because the issues he raised were questions of law, not dentistry, and therefore he was not required to exhaust his administrative remedies

---

[2] *Winterrowd v. State, Dep't of Admin., Div. Of Motor Vehicles*, 288 P.3d 446, 449 (Alaska 2012) (quoting *Smart v. State, Dep't of Health & Soc. Servs.*, 237 P.3d 1010, 1014 (Alaska 2010)).

before appealing to the superior court. But we agree with the Board that the superior court correctly characterized Dr. Ness's action as an administrative appeal. The probation sanction Dr. Ness challenges was imposed by the Board; the 2008 superior court order did not even address it, as the only issues on that appeal were the fine and the suspension. Civil Rule 60(b) does not apply because Dr. Ness is not asking for relief from a court order but rather from the Board's interpretation of its own probation sanction. Principles of administrative review — including the requirement that administrative remedies be exhausted before judicial review is available — therefore apply.[3]

**B.     The Superior Court Did Not Abuse Its Discretion By Determining That Dr. Ness Failed To Exhaust His Administrative Remedies.**

The APA sets out procedures for contesting agency decisions, authorizing superior court review of only "final administrative order[s]."[4] Dr. Ness was entitled to a hearing following his receipt of the Board's March 2020 denial letter, as the Board acknowledged in the July letter belatedly informing him of his appellate rights. Although Dr. Ness argues that exhaustion would have been futile, we cannot agree on this record.[5]

---

[3]     *See Eidelson v. Archer*, 645 P.2d 171, 181 (Alaska 1982) ("One of the primary purposes of the exhaustion of remedies rule is to promote judicial economy by affording an institution the opportunity to correct its own errors, so as to render judicial action unnecessary.").

[4]     AS 44.62.560(a).

[5]     According to Dr. Ness, the Board said its decision would "remain the same" even after a full hearing. Dr. Ness misconstrues the Board's statement of position. Its July letter explained that it stood by its March decision but that Dr. Ness could contest it by requesting a hearing through the Alaska Office of Administrative Hearings. Nothing in the record predicts the result of the hearing process.

## C. On Remand, Dr. Ness Must Be Provided An Opportunity To Request An Administrative Hearing.

Dr. Ness was not notified of his right to request a hearing until after he had filed his motion in the superior court. Though the notice was indisputably late, this procedural lapse does not eliminate the requirement of administrative review. In *Smart v. State, Department of Health and Social Services*, we held that a party had not exhausted her administrative remedies but also that she had not received adequate and timely notice of her administrative appeal rights.[6] The remedy, we decided, was a remand "to the superior court with instructions to direct [the agency] to provide [the party] 30 days in which to request administrative review" of the challenged agency decision.[7] The same remedy is appropriate here. Because Dr. Ness has not exhausted his administrative remedies, and because he did not receive proper notice of those remedies until after he had filed his motion in superior court, we remand the matter to the superior court with instructions that it direct the Board to provide Dr. Ness 30 days to request an administrative hearing.[8]

## V. CONCLUSION

We AFFIRM the superior court's decision and REMAND for further proceedings consistent with this opinion.

---

[6] 237 P.3d at 101-15

[7] *Id.*

[8] Dr. Ness makes a number of arguments why the probationary term cannot or should not still be in effect. Because we conclude that Dr. Ness has administrative remedies that he has yet to exhaust, we do not reach the merits of his arguments.